Judge Nicholas
delivered the Opinion of a majority of the Court
Judge Underwood dissenting.
The only point requiring special notice is as to the sufficiency of plea number two.
It says that the note sued on, was obtained from the defendants, by the plaintiff, by fraud, covin and misrepresentation.
It was ruled in Sharp vs. White, 1 J. J. Mar. 106, that a general allegation, that the covenant sued on was procured by fraud, constitutes a good plea in bar. We see no good reason for retracting that opinion. It not only accords with high authority, but is sustained by the principles and analogies of pleading.
In the fifth edition of Chitty’s work on Pleading, page 570, he says, that, “ a general plea that a deed was ‘ obtained by the plaintiff by fraud and misrepresentation,’ is good, for fraud usually consists of a multiplicity of circumstances, and therefore it might be inconvenient to require them to he particularly set forth.” At page 613, he says, that to a plea of release the plaintiff may reply, “ that it was obtained by fraud ; and it is, in general, unnecessary and injudicious to state the particulars of the fraud,”
The same principle is distinctly recognised and established in Tresham’s case, 9 Co. 110, a. We know of no authoritative adjudication to the contrary, since that case, and the profession must pardon us for not now innovating a rule which would require a precision and particularity not deemed necessary at that comparatively early period in the history of pleading.
The judgment must, therefore, be reversed, (Judge Underwood dissenting,) and the cause remanded, with directions to overrule the demurrer to pleas number two, five and six, and for further proceedings.