CASE 24—EQUITY—MAY 8, 1883.

# Phillips' adm'r v. Phillips.

APPEAL FROM MARION COMMON PLEAS COURT.

1. In an action to set aside an award, in which an administrator's accounts were settled upon the ground of fraud, there must be averments of the specific frauds relied upon.
2. A general allegation of fraud is not sufficient to authorize the court to overhaul the award.

W. B. HARRISON FOR APPELLANT.

1. The allegation is made that the award was obtained by fraud, and this is sufficient to compel an examination of the entire award. (1 Ch. Pl., 570; Newman's Pl., 543; Whitehead v. Root, 2 Met., 588.)
2. These frauds frequently consist of many minute facts that the statement would run into prolixity.

RUSSELL & AVRITT AND W. LINDSAY FOR APPELLEE.

1. The charge of fraud must be specific, and point to every item the appellants object to. (Callant v. Downey, 2 J. J. Mar., 347; Morse on Arbitration and Awards, 541; 53 Barb., 332.)
2. A general averment of fraud as to an award means nothing to authorize the court to go over the entire award. (2 Carr & Payne, 574; 7 Dow., 423; 8 B. Mon., 537.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

When this case was here on a former appeal, it was held that the award sought to be set aside on this appeal was valid, unless successfully attacked for fraud or wrong practice on the part of appellee. On the return of the cause, appellant, by supplemental pleadings, attempted to raise this issue. To those pleadings a demurrer was sustained, and the correctness of that ruling is the only question.

The arbitration was for the settlement of the accounts of appellee as agent and nominated executor under a will which was not probated, and covered numerous transactions, involving large sums of money, and extending over several years.

The pleadings to which the court sustained the demurrer charged in general terms that the award was obtained by the fraud of appellee.  Wherein the fraud consisted was not specifically stated, and for the want of such averment there was no issuable fact presented, and the demurrer was. therefore properly sustained.  The effect of setting aside the award would be to open the question of the correctness of the settlement with appellee, and of every item in his elaborate account; so that it is in the nature of a proceeding to surcharge or falsify a settlement, and it has never been held that in such a proceeding a settlement would be opened without specific allegation of fraud or mistake.

This class of cases do not come within the reason of the rulings of this court in cases where, in defense to actions upon writings evidencing liability, it has been held that the general allegation that the writing was obtained by fraud or was without consideration is sufficient, and such cases are not, therefore, authority against the views expressed as applicable to the case under consideration.    (Evans v. Stone, MS. Op., February 11, 1882.)

Judgment affirmed.