Case 16.—ACTION BY J. A. CRAFT AGAINST W. E. BARRON
FOR DAMAGES FOR BREACH OF CONTRACT.—October 4.

## Craft v. Barron.

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Affirmed.

1. Pleading—The rule appears to be well settled in this State that a general plea of fraud in an answer is good without specifying the facts constituting the fraud.
2. Contract—Fraud—In an action to recover upon a contract, the defense being that it was procured by fraud, an instruction in substance that if the representations alleged to have been made were untrue and by reason of them the defendant was induced to make the contract which he would not have otherwise made, they should find for the defendant, was proper, as was also an instruction to the effect that if the agent in making the representations made them not as matters of fact, but of opinion, they should find for plaintiff.
3. Witnesses — Impeachment — Reputation — Evidence that the reputation of a witness for truth and veracity was bad at places where he had resided some time before trial is admissible in connection with similar testimony as to his reputation at a place where he resided at the time of trial, but for only a short time before.

MORTON, WEBB & WILSON for appellants.

### POINTS AND AUTHORITIES.

1. The motion to require defendant (appellee) to make his plea of fraud, misrepresentation and covin more specific should have been sustained. (Evans v. Stone, &c., 80 Ky., 78; Barlow v. Wiley, &c., 3 A. K. Marsh., 457; Ross, &c. v. Braydon, 2 Dana, 161; Hazard v. Griswold, 21 Fed. Rep., 178; Sharp v.

Craft v. Barron.

White, 1 J. J. Marsh., 106; Jones v. Grugett, 1 Bibb., 447; Downing v. Carr's Adm'r, 18 Ky. Law Rep., 979; Civil Code of Prac., sec. 134; Ency. of Pl. & Prac., vol. 6, pp. 272-276; Pomeroy on Code Remedies, 3d Ed., secs. 548, 549, 596; Posey v. Green, 78 Ky., 162; Pugh's Adm'r v. White, 78 Ky., 210; Newport Light Co. v. City of Newport, 14 Ky. Law Rep., 55.)

2. Appellant having agreed to go to trial only on condition that the depositions of White and Chrisman should be suppressed, and the trial having been begun on these terms, when it became known that appellee had induced these witnesses to attend in person and that they would be called to testify orally in his behalf, the motion of the appellant then made to set aside the swearing of the jury and continue the case should have been granted. This motion having been refused and appellant forced to proceed with the trial, the witnesses should not have been permitted to testify, and for permitting them to testify at all the judgment of the lower court should be reversed.

3. The lower court erred in permitting the introduction of any of the witnesses, J. S. Chrisman, J. M. White, J. S. Reed, Harry Milward, W. H. Bundren and S. S. Roszell, to testify as to the general reputation of P. H. Idol for truth and veracity. (L. & N. R. R. Co. v. Alumbaugh's Adm'r, 21 Ky. Law Rep., 134; Mitchell v. Commonwealth, 78 Ky., 219; Fisher v. Conway, 21 Kansas, 18; Rogers v. Lewis, 19 Ind., 405; City of Aurora v. Cobb, 21 Ind., 492; Sun Fire Office of London v. Ayerst, 37 Neb., 184; s. c., 55 N. W. Rep., 635; Miller v. Miller, 187 Pa. St., 574; s. c., 41 Atl. Rep., 277.)

4. Errors in the instructions:

a. A peremptory instruction should have been given.

b. The court erred in its definition of "material representations," and also in failing to submit to the jury the question of "materiality." (Huguenin v. Rayley, 6 Taunton, 186; s. c., 1 Eng. Com. Law, 351; Lindenau v. Desborough, &c., 8 Barnewall & Creswell, 586; s. c., 15 Eng. Com. Law, 306; Davis v. Davis, 97 Mich., 419; s. c., 56 N. W. Rep., 774; Phoenix Ins Co. v. Fulton, 80 Ga., 224; s. c., 4 S. E. Rep., 866; Moore v. Cains, 116 Mass., 396; Newhall v. Pierce, 115 Mass., 457; McAleer v. Horsey, 35 Md., 439; Sharp v. Ponce, 74 Me., 470; Westbury v. Aberdein, 2 Meeson & Welsby, 267.)

ALLEN & DUNCAN for appellee.

### POINTS AND AUTHORITIES.

1. A plea alleging that the contract was procured by the fraud, misrepresentation and covin of the plaintiff is sufficiently specific.

Craft v. Barron.

2. Such a plea is good on 'demurrer. (Sharp v. White, 1 J. J. Mar., 106; Ross, &c. v. Braydon, 2 Dana, 161; Whitehead, &c. v. Root, &c., 2 Met., 584; Evans v. Stone, 80 Ky., 78; Dowing v. Carr's Adm'r, 18 Ky. Law Rep., 979.)

3. The testimony given in person by White and Chrisman, impeaching the appellant's witness, was properly admitted, notwithstanding the agreement not to use their depositions, as appellant was notified months before the trial that the credibility of said witness would be attacked, and he can not, therefore, plead surprise.

4. There is no rule limiting evidence of the reputation of a witness to the time of trial or the place of his then residence. The admission of testimony showing the character at a prior time or different place is within the sound discretion of the trial court. (Greenleaf on Evidence, 16th Ed., sec. 461d; Am. & Eng. Ency. of Law, 2 Ed., title "Character;" Marion's Adm'r v. Lambert's Adm'r, 10 Bush, 295; Ferrell v. Commonwealth, 15 Ky. Law Rep., 321; Davis v. Commonwealth, 95 Ky., 19; Turner's Guardian, &c. v. King, &c., 17 Ky. Law Rep., 871; Gemmil v. State, Ind., 43 N. E. Rep., 909; People v. Abbot, 19 Wend., 192, 200; Sleeper v. Van Middleworth, 4 Denio, 431; Brown v. Perez, 89 Tex., 282, 34 S. W. Rep., 725; Mynatt v. Hudson, 66 Tex., 66, 17 S. W. Rep., 396; Holmes v. Stateler, 17 [Ill.], 435; State v. Knight [Wis.], 95 N. W., 390; Parkhurst, &c. v Ketchum, 6 Allan [Mass.], 4061.)

5. Testimony showing character at a prior time and different place is admissible unless evidence showing character at the present time and place is manifestly within the reach of the party offering the testimony. (Mitchell v. Commonwealth, 78 Ky., 219; L. & N. R. R. Co. v. Alumbaugh's Adm'r, 21 Ky. Law Rep., 134.)

6. When the witness has removed to another State evidence of reputation in the State where the trial is held and prior to his removal may always be introduced, and the burden of meeting the effect of the evidence by showing character at the present time and in the State where witness then lives is on the adverse party. (Watkins v. State, 82 Ga., 231, 14 Am. St. Rep., 155; Thomas v. State, 33 Tex. Crim. Rep., 607.)

7. The materiality of a representation is a question for the court and not for the jury. (Foard, &c. v. McComb, 12 Bush, 723; Prewitt, Trustee, &c. v. Trimble, 18 Ky. Law Rep., 581; Dinwiddie v. Stone, 21 Ky. Law Rep., 584; Dawe v. Morris, 149 Mass., 188, 14 Am. St. Rep., 104; Anderson v. McPike, 86 Mo., 293; Penn Ins. Co. v. Crane, 134 Mass., 56; Caswell v. Hunton [Me.], 32 Atl. Rep., 899.)

8. The verdict was abundantly supported by the evidence and the motion for peremptory instruction was properly overruled.

9. There was no error in the third instruction.

### POINTS UNDER THE CROSS APPEAL.

1. The recital in the contract that the permission of the post-master general had been obtained was a material and essential term thereof, and constituted a condition precedent to appellee's duty to perform. The breach of the condition gave appellee the right to repudiate the contract in toto. (Pollock on Contracts, 1st Am. Ed., 463; Langdell's Summary of the Law of Contracts, secs. 28 and 89; Olive.v. Booker, 1 Ex. Rep., 416; Behn v. Burness, 3 Best & Smith, 751; Lowber v. Bangs, 2 Wall., 728; Davidson v. Von Lingen, 113 U. S., 50; Gray v. Moore, 37 Fed. Rep., 226; Kaufman v. Reader, 108 Fed., 171, 179; Brown v. Patterson, [N. Y.], 59 N. E. Rep., 296; Palmer v. Meridian Britannia Co. [Ill.], 59 N. E. Rep., 247, 252.)

2. The contract was entered into without having first obtained the consent of the postmaster general, and was, therefore, unlawful, null and void. The demurrer to the second paragraph of the substituted answer should, therefore, have been overruled.

3. The postal regulations require that the person to whom a route may be sublet must live in a locality on or contiguous to the route, and a violation of this rule is made ground of forfeiture by the government of its contract with the original contractor. A statement in the contract that the subcontractor does live in such a locality when such is not the fact is in fraud of the government, and is, therefore, void on grounds of public policy.

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

Appellant, Craft, was a contractor with the United States government on a number of star routes for the carrying of mail in the year 1898, and he sublet to the appellee, Barron, the contract on the route from Brownsville to Alice, Tex., for a term of four years. The contract with Barron was made on behalf of Craft by P. H. Idol, his agent. When the contract was signed by Barron, he had not been over the route, and did not know anything about it personally. After he signed the contract he went to Texas and found the route different from what he had understood, and at once gave notice to Craft that he ·

would have to make some other arrangement, as he had been deceived in the contract. Idol received the letter, and wrote Barron that he would have to stand to the contract. Barron had contracted to take the route for $4,500 a year. Craft finally made a contract with another person to take it for $7,900 a year, and sued Barron to recover the damages which he had sustained, amounting to $3,400 a year for the four years. Barron pleaded that the contract had been obtained from him by fraud. The case was heard by a jury, who returned a verdict in favor of Barron, and Craft appeals.

Barron pleaded simply that he was induced to make the alleged contract by the fraud, misrepresentation, and covin of the plaintiff, without setting up in what the fraud consisted. The plaintiff demurred to the plea, and also entered a motion that the defendant be required to make his plea more specific. The court overruled the demurrer and the motion, and of this the plaintiff complains. The rule that a general plea of fraud in an answer is good, without specifying the facts constituting the fraud, was announced by this court in Sharp v. White, 1 J. J. Marsh., 106, and in Ross v. Braydon, 2 Dana, 161, 26 Am. Dec., 445. These cases were approved in Whitehead v. Root, 2 Metc., 584; Evans v. Stone, 80 Ky., 78, 3 Ky. Law Rep., 751, and Dowing v. Carr, 38 S. W., 1044, 18 Ky. Law Rep., 979.

The circuit court properly followed these cases, which can not be departed from, though, as was said in the first case, it is better pleading to set out the facts constituting the fraud, and, on a motion to make the pleading more specific, this should always be required, where it appears to be necessary to enable the plaintiff to prepare his case. But in the case before us this was not shown. The defendant had

pleaded the facts specially in his original answer, which the court had required to be reformed. The plaintiff, some months before the trial, had taken the deposition of his agent, Idol, with whom the transaction was had; both sides interrogating him as to the misrepresentations relied on. The Code provides that a judgment shall not be reversed for an error not affecting the substantial rights of the party complaining. If the answer had been made specific, it would not have enlightened the plaintiff one whit as to the case he was to meet, and no substantial right of his was affected by the ruling of the court.

On the Saturday before the trial took place the defendant had taken the depositions, at Danville, Ky., of White and Chrisman, by whom he proved that Idol's character for truthfulness was bad. When the case was called for trial, the plaintiff announced that he was not ready on account of these two depositions, which had been taken on the preceding Saturday. The court ruled that he would not compel the plaintiff to try, but would give him time to take proof to meet the evidence of White and Chrisman. The defendant thereupon withdrew the depositions of White and Chrisman, agreeing not to read them on the trial. The parties then announced ready, and the trial was begun. On the next day, while the trial was in progress, the plaintiff saw White and Chrisman in the courtroom, and thereupon moved the court to set aside the swearing of the jury and continue the case. The court overruled the motion, and of this he complains. If the defendant had not taken the depositions of White and Chrisman, but had brought the witnesses into the courtroom, as he did on the second day of the trial, the plaintiff would have been in no better shape than he was when the depositions were taken and withdrawn. If he had

Craft v. Barron.

filed his affidavit that he was taken by surprise, and that, if given time, he could get proof sustaining the character of Idol, it would have been proper for the court to set aside the swearing of the jury and continue the action. But this he did not do. He did not make any showing that, if given time, he could get any evidence he did not have then. He simply stood upon his right to object to White and Chrisman testifying. He did not ask at any time during the trial a continuance at his cost, nor did he make any showing that he was surprised by the attack on Idol's character, and under the circumstances the court properly refused to set aside the swearing of the jury and continue the case.

It is also insisted for the plaintiff that the proof assailing the character of Idol should not have been admitted. While the evidence does not fix dates very accurately, it shows that for a number of years Idol lived at Danville, Ky., and that he left Danville and moved to Lexington about the year 1896. He was living in Lexington in the year 1898, when the contract was made which was involved in the action. Some time after that he left Lexington and went to Indiana, staying there a short time, and then went to California, and had lived in California three years at the time of the trial. White testified that his character for truthfulness was bad at Danville up to the time that he left there, and that it was bad in California, where he lived at the time of the trial. Other testimony was introduced showing that his character was bad at Lexington and at Danville. When a witness' character is attacked, the evidence is admitted for the purpose of discrediting the witness. His character at the time he testified is the material inquiry; but his character at a previous time not too remote is relevant, as tending to confirm the

evidence as to his present character. The law does not presume that a character once formed in a mature man will suddenly change. The trial court has some discretion in determining whether the evidence is too remote or not. No definite rule can be laid down for all cases. The best evidence which is reasonably practical must be adduced. If a witness has moved from the State, and especially if he has not remained very long at one place since leaving the State, but has been a transient person, resort may be had to his reputation at his former residence, and at a time more remote from the trial than would be otherwise allowed. In the case at hand the witness' character was shown to be bad, both at Danville and at Lexington, where he had lived in this State, and in California, where he lived at the time of the trial. Evidence that a witness has a bad character at the place where he lives at the time of the trial, when he has been there only a short time, is materially strengthened by proof showing that his reputation where he last lived before going there was equally bad.

The evidence for the defendant was sufficient to go to the jury, under the rule which obtains in this State that, where there is any evidence, it must be left to the jury. Nor can we say on the whole case that the verdict is against the evidence. If the defendant's statements were true, he was grossly deceived by Idol, and was induced to sign the contract before he went to Texas and examined the route by Idol's false statement to him that the contract had to be closed within three days or he could not get it. The instructions of the court set out the representations which the defendant testified Idol had made to him in regard to the route, and instructed the jury that if these representations were substantially untrue, and by reason of them the defendant was in-

duced to make the contract when he would not have made it if he had not been deceived, and that he made the contract relying on the statements and believing them to be true, they should find for the defendant. The court also instructed the jury that, if Idol only made the statements or representations as matters of opinion, and not as a matter of fact, they should find for the plaintiff. These instructions correctly informed the jury as to the law of the case. They did not take from the jury the power to judge of the materiality of the representations, for the jury were expressly told that they could not find for the defendant, unless he relied upon the statements and, believing them to be true, was thus induced to enter into the contract, when but for his belief in the truth of the statements he would not have entered into the contract. There are cases holding that these instructions are more favorable than they should have been for the plaintiff; but we think there is no authority for the position that the court should not in his instructions inform the jury that certain misrepresentations, if made by the plaintiff and relied on by the defendant, were substantially untrue, and the defendant was induced by the falsehood to make the contract, when he otherwise would not have done so, they should find for the defendant. The materiality of the misrepresentation is submitted to the jury, within the meaning of the authorities, when the jury are left to determine whether it was substantial and induced the making of the contract. The instructions of the court fairly submitted to the jury the real issues in the case. Their finding for the defendant under the instructions was a finding on the merits of the controversy.

Judgment affirmed.