### Gray, et al. v. Gregory.

(Decided October 14, 1910.)

Appeal from Washington Circuit Court.

1. Action for Deceit and Fraud—Interfering in a Sale of Land—Damages Claimed—Demurrer to Petition.—A petition which alleges that plaintiff had priced a tract of land to R. at $5,280.00, and that said R. was about to and would have bought it at said price, but that defendant wrongfully, wantonly and for his own gain fraudulently interfered in said trade, and prevented R. from buying it, and by deceit induced plaintiff to sell it at $5,000.00, whereby she lost $280.00, does not state an enforceable cause of action, and a demurrer to it was properly sustained by the court.

2. Same—Defective Allegations.—It was the duty of plaintiff to allege the substance of the acts and conduct of appellee which she considered wrongful and fraudulent, to apprise appellee of her contention and in order that the court might determine whether they were such as would make appellee liable to her for her alleged loss.

W. E. & W. R. SELECMAN for appellants.

W. C. McCHORD for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This appeal is from a judgment of the lower court sustaining a demurrer to appellant's petition and amended petition. The amended petition contains all that is in the original petition, and also new matter by way of amendment. It is as follows:

"The plaintiff, Levisa Gray, by leave of court comes and amends her petition and states that she owned a tract of land in Washington county, Ky., which she was desirous of selling and which she had priced to one W. J. Riley at the price of $5,280 and that said Riley was about to and would have bought said land at said price and was ready, willing and able to pay for same at said price. But she says that before said trade was fully consummated by written contract the defendant, L. M. Gregory, wrongfully, wantonly, fraudulently and without the solicitation of any one interfered in said trade when she, this plaintiff, was about to sell said land at said price and by his false, wanton, fraudulent, deceitful and wrongful statement and interference prevented said Riley from completing said trade by written contract and buying said land at the price of $5,280 and this plaintiff of receiving said price for said land, which it was worth at said time. That he, said defendant, interfered in said trade voluntarily and made said false, deceitful and

fraudulent statements and by fraud broke off said trade for his own gain and to make money out of said land for himself.  And for the purpose of his own gain, the said defendant, wrongfully, fraudulently and by deceit induced this plaintiff to accept a smaller price for said land, to-wit: $5,000, thereby damaging this plaintiff in the sum of $280.  That these wrongful, fraudulent, deceitful and false statements were made both to plaintiff and said Riley all of which were kept concealed by defendant from each of said parties at the time, and by said fraudulent, wanton and deceitful interference he prevented said Riley from paying or agreeing to pay said price of $5,280 for said land; all of which said defendant did for his own profit and so he could wrongfully obtain money out of said Riley for himself and which said Riley did promise and agree to pay said defendant at the time; all of which was to this plaintiff's damage in the sum of $280 as aforesaid.  Wherefore she prays,'' etc.

It will be observed that she bases her cause of action upon the wrongful, wanton and fraudulent acts of appellee which she alleges broke up a land trade between her and one Riley.  She nowhere specifies of what the wrongful, wanton or fraudulent acts of appellee consisted.  This is not an action on a written obligation.  It is one for damages occasioned by appellee interfering with and breaking up a land trade between Levisa Gray and one Riley.  We have not been able to find any authority upholding a petition like the one in the case at bar.  As stated, the specific acts constituting the wrong and fraud are not alleged; therefore, appellee would be at an entire loss to understand what acts, conduct or words he had done, been guilty of or said to appellant or to Riley which interfered with the trade, and which she construed wrongful, wanton and fraudulent.  It was her duty to allege the substance of the acts and conduct of appellee which she considered wrongful and fraudulent, to apprise appellee of her contention and in order that the court might determine whether they were such as would make appellee liable to her for her alleged loss.

In the case of Phillips' Admr v. Phillips, 81 Ky., 147, this court sustained a demurrer to a pleading which, in general terms, alleged that an award was obtained by the fraud of appellee, without stating in what the fraud consisted, and said:

''This class of cases do not come within the reason

of the rulings of this court in cases where, in defense to actions upon writings evidencing liability, it has been held that the general allegation that the writing was obtained by fraud or was without consideration is sufficient and such cases are not, therefore, authority against the views expressed as applicable to the case under consideration.''

The cases referred to in the quotation are, Sharp v. White, 1 J. J. M., 106; Ross v. Braydon, 2 Dana, 161; White v. Root, 2 Met., 584; Evans v. Stone, 80 Ky., 78, and these cases have been approved in the cases of Downing v. Carr, 18 Ky. Law Rep., 979, and Craft v. Barron, 28 Ky. Law Rep., 98. In the case named last, the plea of the defense that the written obligation was procured by fraud, misrepresentation and covin, was declared sufficient. This court has never extended this rule, however, to any other class of actions, and in its first opinion upon the subject, said:

''It would have been better to specify the fraud in the plea; and it is more usual to do so; but it is not necessary.''

We are of the opinion that it would not subserve ends of justice to extend this rule to other classes of cases.

For these reasons, the judgment of the lower court is affirmed.