## Cary v. Mire.

(Decided March 18, 1911.)

### Appeal from Clark Circuit Court.

1. Judgments—Motion to Open for Fraud—Allegations.—In an action to open a judgment on the ground that it was obtained by fraud, the plaintiff must allege the facts constituting the fraud. It is not sufficient to aver simply that the judgment was obtained by fraud.

2. Same—Mistake of Plaintiff.—A judgment will not be opened because plaintiff himself made a mistake if he was not misled by the defendant.

BYRD & JEFFRIES for appellant.

FORMAN & FORMAN and LUCIEN BECKNER for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

Appellant leased to appellee a small house in Winchester, Kentucky, upon terms set out in the lease which is as follows:

"This is to witness that Ike Cary has this day leased to Ameen Mire a small house and lot on Washington Street in Winchester, Kentucky, adjoining the C. & O. railroad right of way and Cliff Green, now used as a barber shop, for one year from February 1, 1909, to February 1, 1910, with the privilege of renting same for ten years on the part of said renter, on the following terms and conditions: Said Ameen Mire promises to pay said Cary for said premises sixty dollars a year, thirty dollars to be paid on February 1, 1909, and thirty dollars to be paid every six months thereafter in advance and on failure to pay this at the beginning of every six months or within thirty days of such time when this lease shall end and the renter shall surrender possession of said premises to said Cary without further notice—Cary to do no improvements. Ameen Mire may improve said place at his own expense."

Both parties signed this contract. Appellee paid $10.00 of the rent in advance, improved the house by erecting several rooms and sub-leased it to Rogers and Denny for $15.00 a month, and went to the City of Lexington to live. On August 9th he paid appellant $20.00 more on the rent, and also $20.00 on September 11th. On September 7th appellant made the necessary affidavit and caused a writ of forcible entry and detainer to issue against appellee, which fixed September 14th as the date of the trial. The writ was served on appellee in the city of Lexington September 11th. He paid no attention to the time of the trial and a default judgment was entered against him. On September 20th the justice issued in behalf of Cary, a writ of restitution of the property which was executed and Cary put in possession of the property, and he rented it to Rogers and Denny. Eight days afterwards, appellee filed a petition

for a new trial alleging the above facts and tendered ten dollars therewith, the remainder of the rent due for that year. He alleged that Cary knew of and consented to him making the valuable improvements upon the property; that the improvements increased the rental value of the property from five dollars to fifteen dollars a month; that while he was making the improvements he offered to pay Cary the rent and Cary refused to receive it stating that he would wait until he could get the work finished. He further stated that he was a Syrian by birth and understood the English language very imperfectly; that the officer who served the writ on him September 11th, explained to him that it was simply a demand for rent of him; that he immediately sought Cary, who was also in the city of Lexington, and offered to pay him or his attorney; that appellant told him to pay his attorney and that he then went to Winchester and paid Capt. Hathaway $20.00. He alleged that from that time on he believed that appellant was satisfied with that payment and he therefore took no further notice of the writ and knew nothing more about it until he went to Winchester to collect the rent from Rogers and Denny, from whom he learned that the rent was being paid to Cary who claimed to have the possession of the property. In an amended petition appellee alleged that the writ of restitution was obtained by the fraud of appellant, but he does not state what facts or acts constituted the fraud. He undertook in his original petition to set forth all the acts of himself, the sheriff and of appellant. He does not, however, state any acts or words of appellant which misled him in any particular; all that he states is that he offered appellant the rent during the time he was making the improvements and that appellant told him to wait until the improvements were finished; but he no where alleges when the improvements were completed. He also alleged, as stated, that he went to appellant in the city of Lexington and asked him if he should pay the rent to him or to his attorney and Cary told him it made no difference; that he paid the $20.00 to Capt. Hathaway. He does not intimate that appellant, his attorney or any one else told him that would end the proceedings of forcible detainer. In fact, he does not allege any particular act of appellant or anyone connected with him, that deceived him. We have no doubt that appellant was deceived. He thought, as he

stated, that the proceedings under the writ were ended when he paid the last rent to Capt. Hathaway, but that was his own mistake. There is no pretense that appellant or his attorney ever intimated to him that it would end the proceedings; therefore, as he did not go to Winchester on the 14th and make a defense to the writ it was his own fault. It is a hardship upon him, but it is a result of his own negligence.

Conceding that the opinion of this court in the case of Swanson v. Smith, 25 Ky. L. R., 1260, 77 S. W., 700, does not bar appellee from maintaining a petition for a new trial in a proceeding like this, which we do not decide, the pleadings of appellant are not sufficient to authorize the court to set the judgment aside. When one files a petition relying upon fraud as a basis of his action, he must allege and specify the acts constituting the alleged fraud. (Gray v. Gregory, 140 Ky., 266.)

For these reasons, the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.