HENRY SCHROEDER, Appellee, *vs.* SOPHIE SMITH· *et al.* Appellants.

*Opinion filed April 19, 1911.*

1. DEEDS—*when a deed from wife to husband is not without consideration.* A deed executed by a wife to her husband upon his agreeing to pay certain amounts to her children by a former husband when they, respectively, become of age, which agreement is carried out by him by executing notes for such amounts and paying the notes when due, is not without consideration, and a court of equity has jurisdiction to correct a mutual mistake of description in the deed.

2. SAME—*when the deed is presumed to have been delivered.* Where a husband has in his possession, after his wife's death, a duly executed and recorded deed conveying certain land to him, and produces the deed for the purpose of having it corrected by a court of equity, it is presumed the deed was delivered, and clear and convincing evidence is required to overcome such presumption.

3. SAME—*execution of a deed is proved by notary's certificate.* The execution of a deed is sufficiently proved by the certificate of acknowledgment of the notary public which is regular in form.

4. LACHES—*laches not imputed to person in peaceable possession of land.* Laches is not to be imputed to one in peaceable possession of land under a deed because of delay in resorting to a

court of equity to correct a mutual mistake in the description of the premises conveyed.

5. COSTS—*costs in chancery case rest within the discretion of the court.* The awarding of costs in a chancery case is a matter of discretion with the court, and it cannot be said to be an abuse of such discretion to require the defendant to pay one-half the costs, where he presented no substantial defense to the bill.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

STEPHEN C. KNIGHT, (CLYDE C. COLWELL, of counsel,) for appellants.

P. R. BARNES, (W. P. QUINBY, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellee, Henry Schroeder, filed his bill in the circuit court of Cook county November 20, 1909, to reform a deed executed by his wife, Sophie, on July 24, 1884, conveying to him eighty-eight acres of land in Cook county. Appellants are the children of Sophie Schroeder by a former husband. Sophie Schroeder died shortly after the execution of the deed, and within a year after her death appellee discovered that by a mistake in the deed eight acres of the land intended to be conveyed were not described as being in the proper section and township. Upon the execution and delivery of the deed appellee went into possession of all the land intended to be conveyed and has ever since been in the peaceable possession of the same. The cause was referred to the master in chancery to take the evidence and report the same, together with his conclusions of law and fact. The master reported, finding that appellee was entitled to the relief sought. The court overruled exceptions to the master's report and entered a decree reforming the deed.

That there was a mutual mistake made in the description of the property in the deed is not questioned by appellants. They seek a reversal of the decree upon the grounds, first, that the conveyance was voluntary; second, that there is no proof of the execution or delivery of the deed; third, that the appellee's right to relief is barred by *laches;* and fourth, that the court erred in decreeing that they should pay one-half the costs.

At the time the deed was executed the family of appellee consisted of himself, his wife and the five minor children of Mrs. Schroeder. The proof shows that at the time the deed was executed Mrs. Schroeder was seriously ill. She executed this deed to her husband upon the consideration that he would furnish her five minor children with a home, board, clothing, schooling, and care during sickness and health, until they should each arrive at the age of fourteen years, and that he would pay her four daughters each the sum of $400 and her son the sum of $1000 when they, respectively, became of age. At that time the children ranged in age from five to thirteen years. On the same day, July 24, 1884, appellee executed and delivered four promissory notes for $400 each, payable, respectively, to the four daughters of Mrs. Schroeder, and one for $1000 payable to the son, and also executed a trust deed to the eighty-eight acres that day conveyed to him, to secure the payment of said notes and to secure his performance of the agreement to provide for the children until they had each arrived at the age of fourteen years. Mrs. Schroeder died August 27, 1884. Appellee performed his agreement to care for and educate the children and paid each of said promissory notes as it fell due. This constituted a sufficient consideration to entitle him to maintain his bill.

Appellee was in possession of the deed executed by Mrs. Schroeder. He produced it at the hearing and offered it in evidence. The deed bore a certificate of acknowledgment by a notary public, regular in form, as of the date of

execution, and was recorded September 3, 1884. The execution of the deed was sufficiently proved by the certificate of acknowledgment of the notary public, (Hurd's Stat. 1909, chap. 30, sec. 35; *McConnel* v. *Johnson,* 2 Scam. 522;) and the recording of the deed is *prima facie* evidence of delivery. (*Valter* v. *Blavka,* 195 Ill. 610.) Appellants made no effort to rebut the *prima facie* case made by appellee by showing that the deed never was, in fact, executed or delivered. As the deed was in the possession of appellee and was produced by him there is a strong implication that it had been delivered, and only clear and convincing evidence could overcome the presumption. *Inman* v. *Swearingen,* 198 Ill. 437.

Appellee's right to relief was not barred by *laches.* He had been in the peaceable possession of the premises in question from the time of the execution of the deed until he filed this bill. *Laches* is not to be imputed to one who is in the peaceable possession of land, for delay in resorting to a court of equity to correct a mistake in the description of the premises in the conveyance to him. His possession is notice to all of his equitable rights, and he need not assert them until occasion arises for him to do so. *Mills* v. *Lockwood,* 42 Ill. 111; *Wilson* v. *Byers,* 77 id. 76; *Henderson* v. *Harness,* 184 id. 520; *Bradley* v. *Lightcap,* 201 id. 511.

It is insisted that the court erred in adjudging one-half of the costs against appellants. The awarding of costs in a court of chancery is a matter of discretion with the court, and that discretion will not be reviewed except for abuse. Appellants presented no substantial or well-founded defense to the bill, and we cannot say that it was an abuse of discretion to require them to pay one-half the costs.

The decree of the circuit court is affirmed.

*Decree affirmed.*