## Carr, et al. v. Burris, et al.

(Decided May 8, 1912.)

### Appeal From Barren Circuit Court.

1. Deed—Mistake—Reformation—Evidence.—In an action to re-form a deed on the ground of mistake, evidence examined and held sufficient to support the finding of the chancellor in favor of plaintiffs.

2. Same—Pleading.—Though, in an action to reform a deed, mutual mistake of the parties be not pleaded in terms, yet if the facts pleaded show a mutual mistake, the petition will support a judgment in favor of plaintiffs.

3. Limitation—Deed—Mistake—Reformation—Possession by Vend-ees.—Where a deed, by mistake, does not correctly describe the property granted, it may be reformed, and limitation is not a bar to such correction when the vendees have been in possession of the land.

BASIL RICHARDSON and BAIRD, RICHARDSON & SUMMERS for appellants.

DUFF & HUTCHERSON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellees, Celia Gillock Burris and Mary Belle Gillock, brought this action against D. R. Carr and wife to reform, on the ground of mistake, a certain deed executed, acknowledged and delivered to them by Carr and wife on July 2, 1901. It was charged in the petition that the lot or parcel of land which appellees purchased of appellants is located in Glasgow, Kentucky, and was bounded as follows:

"Beginning at Carters corner on Broadway street; thence with said street, southwest 94 feet to Main

Cross street; thence with said street southeast 178 feet to Weets's or Carr's line; thence northeast 94 feet to another of said Carter's corners; thence northwest 178 feet, with Carter's line, back to the beginning corner on Boardway.''

But by the deed in question, appellants conveyed to appellees only a part of the land purchased, which is described in the deed as follows:

"Beginning at the southwest corner of Carter on Main Cross street in the town of Glasgow, Ky.; thence south and with said street, about 93 feet to Brown street; thence southeast with said street to a point midway between Main Cross street and Lewis street, about 132 feet; thence N. E. and parallel with said first line about 93 feet to intersect said Carter's line; thence with his said line to the beginning.''

It is further alleged in the petition that immediately after the purchase of the lot first above described, they enclosed and took possession of same, and have had same under fence ever since. Appellants denied the allegations of the petition, and pleaded the five year statute of limitations. By reply, appellees denied the applicability of the five year statute of limitations, and pleaded their actual possession of the land purchased. Judgment was entered in favor of appellees, and D. R. Carr and wife appeal.

The evidence of appellees is to the effect that Judge Carr first proposed to sell the one-half of the lot running from Broadway to Lewis street. In discussing the matter, he asked appellees to take the whole lot at $400, but they declined to buy it. Afterwards, he and J. T. Wooten, a former county clerk, and a cousin of appellees', stepped off the part intended to be conveyed, and placed stakes at a point about 178 feet from Broadway. He then stated that he had marked off more than one-half of the lot, and was willing to take $250 for it. Appellees declined to pay $250, but finally agreed to pay $225 for it. This amount was agreed on. Thereupon, Carr drew the deed in question, which was read in the presence of Mrs. Burris. The deed was turned over to J. T. Wooten, who put it to record. The fact that the deed did not cover the land actually purchased did not become known to appellees until just a few months before action was brought. The evidence of appellees is corroborated by that of J. T. Wooten, who also testifies to the fact that he and Judge Carr staked off the portion

of the lot purchased by appellees. Shortly thereafter, he built a fence where the stakes were placed, and Judge Carr paid for one-half of the fence.

A year or two later, appellees built a barn on a part of the lot now in controversy. The barn and fence were in plain view and showed that the lot actually sold to appellees contained more than one-half of the original lot, running from Broadway to Lewis street.

The evidence for appellant is to the effect that he contracted to sell appellees only one-half of the original lot, or a lot running back from Broadway 150 feet. He charged more for this lot, because it faced on a better street, and was the more valuable half. He never intended to sell, and as a matter of fact did not sell, any more than one-half of the lot. He drew the deed exactly in accordance with the contract of sale. The only way the lot was staked off by Wooten was by placing one plank at the point at which they stepped. This was done after the deed itself was read and delivered to appellees. Didn't know that appellees had enclosed more than one-half of the lot, until shortly before suit was brought. While he passed by the lot in question occasionally, he could not tell from a casual inspection of it that the fence and barn were placed more than one-half the distance from Broadway.

For appellants it is insisted that the evidence is not sufficiently clear and convincing to justify a reformation of the deed on the ground of mistake. While we have no doubt that Judge Carr has detailed the circumstances of the transaction exactly as he remembers them, yet when we take into consideration the positive evidence of Mrs. Burris and Wooten, as to the terms of the sale, and the amount of ground included therein, together with the very strong circumstances in appellees' favor that they actually enclosed 178 feet of ground and built a barn thereon, and that the fence and barn had been there in plain view for several years, we see no reason to disturb the finding of the chancellor in favor of appellees. It is insisted, however, that the petition fails to allege a mutual mistake of the parties to the deed, and that therefore the deed cannot be reformed. While it is true that the petition states that by oversight or mistake on the part of D. R. Carr, he failed to embrace in the deed all the lot purchased from him, the petition also sets out the fact that appellees actually purchased, and Carr and wife sold to them a particularly described tract of land,

and that in making the deed only a part of the land was included in and covered by the deed. While mutual mistake on the part of the parties was not in terms pleaded, the facts alleged show mutual mistake, and we therefore conclude that the petition is sufficient to support the judgment in favor of appellees.

But it is insisted that more than five years having elapsed after the execution of the deed, it cannot now be reformed on the ground of mistake. Appellees pleaded, however, and the proof shows, that ever since their purchase of the 178 feet, they have had it fenced and have had acutal possession of it. It is the rule that when a deed, by mistake, does not correctly describe the porperty granted, it may be reformed, and limitation is not a bar to such correction, where the vendees have been in possession of the land. Hill v. Clark, &c., 32 R., 595; Sewell v. Nelson, 113 Ky., 171; Potter v. Venge, 24 R. 24.

Judgment arffimed.