GIMBEL BROTHERS, INCORPORATED, and others, Respondents, vs. TOLMAN and wife, Appellants.

*October 5—October 26, 1915.*

*Reformation of lease: Mistake: Evidence: Laches.*

1. A finding of the trial court that by mutual mistake of the parties there was a misdescription of the premises intended to be covered by a lease is *held* to be sustained by the evidence.
2. Delay in commencing an action for correction of the misdescription of premises in a lease did not constitute laches where plaintiff was in peaceable possession of the disputed premises, with defendants' consent, and the rights of innocent parties were in no way prejudiced.

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge.    *Affirmed.*

This is an action to reform a lease covering a portion of a city block in the city of Milwaukee, on the ground of an alleged mutual mistake in the description of the premises.

At the time the lease was executed defendant *Tolman* was the owner of the property in question. The deed by which he acquired title thereto describes the property by lots, in block 69, according to the recorded plat of the city of Milwaukee. In July, 1902, *Tolman* and wife made this contract with the individual plaintiffs, leasing a part of the property *Tolman* owned in this block, describing it by metes and bounds. According to this description the lease encroached seven tenths of a foot on the Third street frontage and five tenths of a foot on the Grand avenue frontage of the property adjoining the leased premises and known as the Matthews building, and according to the claim of the plaintiffs omitted therefrom a strip seven tenths of a foot wide fronting on Third street and lying along the southerly side of the northeast quarter of the block and extending from Third street to the north and south center line of this block. Under the lease the plaintiffs have occupied all of the property in the northeast quarter of block 69, except the part occupied by the Matthews building, from the date of the lease to the present time.

The trial court found that it was the intention of the parties to have the lease cover all of the northeast quarter of block 69 except the part known as the Matthews building, and awarded judgment for the reformation of the description of the premises leased to conform to the understanding and intention of the parties. From such judgment this appeal is taken.

For the appellants there were briefs by *Charles F. Fawsett* and *Fordyce H. Bottum,* and oral argument by *Mr. Fawsett.*

For the respondents there was a brief by *Glicksman, Gold & Corrigan,* attorneys, and *George B. Luhman,* of counsel, and oral argument by *Nathan Glicksman.*

SIEBECKER, J. By the lease in question the defendant *Tolman* and wife leased the premises owned by *Tolman* in the northeast quarter of block 69 pursuant to the recorded plat and the description thereof in the conveyances by which *Tolman* acquired title. The court found that the parties to the lease believed and understood that the occupation and use of the northeast quarter of this block, with respect to street and lot lines, conformed to the measurements as shown by the recorded plat, and that the distance from the boundary line between Grand avenue and the ground occupied by the Matthews building to the dividing line between the southerly wall of the Davidson Theater Annex building and the ten-foot passageway adjacent thereto was 205 feet, and that the distance from the boundary line between Third street and the lands abutting thereon as occupied by buildings in the northeast quarter of this block to the center line of the north and south alley as platted and subsequently vacated was 160 feet; and that the parties understood said dimensions embraced and correctly described the northeast quarter of block 69; that the parties to this lease intended and understood that the description set forth in this lease was to cover and include all of the premises owned by the lessor, *Tolman,* in the northeast quarter of this block, excepting the part known as the Matthews building. The evidence abundantly sustains these findings of fact. It is without dispute that the description in the lease does not correctly describe the premises the lessor *Tolman* owned in the northeast quarter of block 69, which the parties intended to cover and include in the lease. That Mr. Smith, the original lessee's representative, believed and understood that the lease in question was to cover and include all of the property *Tolman* owned in the northeast quarter of this block, is clearly inferable from the facts and circumstances shown by the evidence. It is manifest from the transaction between Smith and *Tolman* that they both contemplated and intended that the

courses and distances embraced in the description in the lease included all the property *Tolman* owned in this quarter of the block. A potent and convincing undisputed fact, which supports the court's conclusions upon the evidence, is the entry and occupancy by the plaintiffs under the lease of the premises embraced in the corrected description. This entry and occupancy of the premises was with defendants' consent and has continued to the present time. It seems clear that the parties made a mutual mistake in describing the premises intended to be included in the lease.

The postponement by the plaintiffs to institute an action for the correction of the misdescription did not operate to the prejudice of innocent parties, and is barren of the element of laches so far as the defendants are concerned. *Schuster v. Milwaukee E. R. & L. Co.* 142 Wis. 578, 126 N. W. 26; *Ludington v. Patton,* 111 Wis. 208, 86 N. W. 571.

Nor can laches be imputed to plaintiffs under the circumstances showing that they have been in peaceable possession of the disputed premises with the defendants' consent. *Schroeder v. Smith,* 249 Ill. 574, 94 N. E. 969; *Wykle v. Bartholomew,* 258 Ill. 358, 101 N. E. 597; *Carr v. Burris,* 148 Ky. 232, 146 S. W. 424.

The court properly awarded judgment for reformation of the description contained in the lease.

*By the Court.*—The judgment appealed from is affirmed.