## Harriss v. Music, et al.

(Decided December 15, 1922.)

## Appeal from Boyd Circuit Court.

1. Reformation of Instruments—Intention of Parties.—Where land attempted to be conveyed is, through oversight and mutual mistake of the parties, improperly described in the deed, it, upon a proper showing, will be reformed so as to conform to the original intention of the parties and when done the warranty contained in the deed will extend to the reformed description.

2. Reformation of Instruments—Practice.—The proper practice is to sue in equity for the reformation of a deed and to recover on the broken covenants as so reformed, but if the action is brought in ordinary the error in doing so can not be reached by a demurrer, but it would be the duty of the court to transfer the cause to equity and adjust the rights of the parties according to the proof.

3. Covenants—Breach of Warranty.—The general rule prevailing in this jurisdiction is that a recovery for a breach of warranty of title can not be had without a prior eviction, but the right to sue is governed by the law of the place where the land is located, since the covenant is one running with the land and has a local situs at that place and the right of action on it is governed by the law of the situs of the property.

WAUGH & HOWERTON for appellant.

R. S. DINKLE for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Appellant and plaintiff below, Brig H. Harriss, filed this ordinary action in the Boyd circuit court against the legatees and devisees of W. R. Music, deceased, to recover judgment for $800.00 against them, which amount he alleged was due him because of a breach of warranty contained in a deed executed and delivered to him on October 9, 1915, by defendant, Sophia Music, and her husband, W. R. Music, whereby they conveyed to him a lot in Kenova, Wayne county, West Virginia, upon which was located a business house constructed of stone. The lot, as described in the deed, was lot No. 12, block No. 135, on recorded plat No. 3 of the city of Kenova, made by R. F. Carson, engineer for the Kenova-Huntington Land Company, and was supposed to be 25 feet wide and 58 feet deep.

The petition, as amended, averred that while the deed described the property as lot No. 12, which was of the

dimensions stated, yet it was the contract and so intended by the parties, to convey all the ground upon which the building, including its foundation, stood and that by mutual mistake of the parties all the land intended to be conveyed was not properly described; that since obtaining the deed plaintiff had discovered that the foundation of the building on one side, and that wall, extended over on the adjoining lot No. 11 to the extent of four inches, and that the owner of it demanded of plaintiff the possession of that portion of his lot, and that plaintiff in order to avoid threatened and certainly unsuccessful litigation adjusted the matter with the owner of lot No. 11 by purchasing the four inches of that lot occupied by plaintiff's building, and making other concessions to him, all of the value of $800.00, the amount sued for. It was further averred that under the laws of West Virginia where the conveyed land was located it was competent for a vendee to maintain an action for breach of warranty under such circumstances without a prior eviction. A demurrer filed to the petition as amended was sustained and plaintiff declining to plead further his action was dismissed and from that judgment he has appealed.

We are not informed as to the grounds upon which the court sustained the demurrer, but appellees' counsel argue in support of the judgment that the domestic rule disallows this character of action, unless there has been a prior eviction, and a number of cases are cited in support of that proposition, which is not denied by counsel for appellant. Appellees' counsel further insist that the cause of action is not affected or governed by the laws of West Virginia wherein the land conveyed is located, but that it is a personal action and is governed by the laws of the state where the covenant was made; but we cannot agree with that contention. The covenant sued on is what is known in law as a real covenant and runs with the land and the remedies thereon are necessarily governed by the laws of the state wherein the land is located, and if under that law an action for breach of warranty could be maintained under the facts alleged without a prior eviction the courts of this state, through comity, will enforce the same right here.

In response to the first contention, that there was no warranty of any land except lot No. 12, counsel overlooked the fact that plaintiff's pleading alleged that there

was a sale of all the land occupied by the building and its foundation and if they occupied more land than was contained in lot No. 12, then there was a warranty of title to the excess of the land so occupied beyond the limits of lot No. 12, and that by mutual mistake of the parties and the draftsman of the deed, such portion of the contract was not inserted or included in the deed. The pleading as amended clearly stated grounds authorizing a reformation of the deed, and after which plaintiff would be entitled to the same remedies afforded him by the law if the deed had originally been written so as to include all the ground occupied by the building and its foundation, one of which, under the allegation of the petition, would be the right to recover damages for breach of the warranty. It may be that the court sustained the demurrer to the petition as amended because it was brought as an ordinary action and placed upon the ordinary docket, when equity only has the right to reform a written instrument. Such irregularity, however, is no ground for a demurrer but it is sufficient to authorize the court to transfer the cause to the proper docket.

The exact point was before this court in the case of Cecil v. Ky. Live Stock Ins. Co., 165 Ky. 211. That action was brought as an ordinary one to recover a judgment on an insurance policy which the petition sought to reform on the ground that matters therein alleged had been left out of the policy by mutual mistake of the parties. The lower court sustained a demurrer to the petition and it was dismissed, and in the opinion, Judge Miller, writing for the court, said: ''Taking the allegations of the petition as true, it clearly presents a case for relief. The fact that the action is at law and not in equity for the reformation and enforcement of the policy, does not make the petition bad upon demurrer, where, as here, it aptly states facts which authorize relief. Upon the return of the case, if the plaintiff should so desire, he should be permitted to have the case transferred to the equity docket upon an amendment of his petition so as to seek equitable relief.'' We have examined the record in that case and find it in the exact condition of the instant one, and the court under the rule there announced should have overruled the demurrer and transferred the cause to the equity docket where the equitable issues could be disposed of, and judgment rendered for whomsoever the evidence authorized.

Wherefore, the judgment is reversed with directions to set it aside and to overrule the demurrer to the petition as amended and for other proceedings not inconsistent herewith.