## Bell National Bank of Pineville's Receiver v. Ellison.

(Decided March 10, 1933.)

CLEON K. CALVERT for appellant.

LOW & BRYANT for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

The receiver of the Bell National Bank of Pineville, Ky., brought this action on April 23, 1931, against W. D. Ellison to recover on two notes executed to the bank by him March 1, 1929, each for $5,000, subject to certain credits on the first note; also a note for $3,000, of date March 30, 1929. He filed answer, set-off, and counterclaim, in which, among other things, he stated these facts:

The Blue Star Coal Company owned certain mining property in Bell county, and in 1928 was heavily in debt. Its stockholders and officers were the same as the stockholders and officers of the Bell National Bank. The coal company was largely in debt to the bank. The Harlan Star Coal Company was then organized with a capital stock of $50,000, and the Blue Star Coal Company conveyed its property to it. W. D. Ellison took $9,000 of the stock, and J. T. Bradley took $9,000 of the stock. $18,000 of the stock was issued to the stockholders in the Blue Star Company. The remainder of the stock was not issued. Ellison and Bradley each executed their notes to the Harlan Star Coal Company for $9,000, and the notes were assigned by it to the Bell National Bank. This reorganization was made upon an agreement that Bradley was to run the coal mine, and that Ellison was to run the commissary. They did take charge, and the surplus proceeds were paid to the bank. In this way part of the $18,000 was paid, leaving a balance of $13,000, for which the three notes sued on were executed. Before the notes were renewed the

banking commissioner objected to the bank holding so much paper in the name of Bradley, and at the request of the bank Ellison executed his notes for the whole balance due, upon agreement of the bank, as he alleged, that the bank would have Bradley indorse the notes, and this it failed to do. The answer then contained these averments:

"Defendant further states that it was agreed by the said Blue Star Coal Company and its stockholders, as aforesaid, with the full knowledge and consent of the plaintiff, Bell National Bank, that the said notes which were executed by this defendant and the said Bradley, and finally executed by this defendant alone as aforesaid, which are the notes sued on in this case, were not to be paid except out of the net earnings of the operation of the store and coal mines on the property of the said coal company, and it was agreed at the time of the said reorganization and for the purpose of inducing this defendant and the said J. T. Bradley to enter the said organization, that if the net profits on account of the operation of the said store and coal mine should not be sufficient to pay the said notes, that the same should be and remain unpaid, and that no personal liability would be asserted against this defendant and the said J. T. Bradley on account thereof, and this defendant says that because of all of the aforesaid the plaintiff is not entitled to recover on the notes sued on, or any of them, and is not entitled to recover anything in this action."

It was also pleaded that the operation of the mine was insufficient and there were no profits, and the company had gone into bankruptcy. The court sustained the demurrer to the answer. Thereupon the defendant amended his answer as follows:

"The defendant, for further amendment to his original answer, set-off and counterclaim, says that due to and on account of, a mistake on his part, and due to, and on account of a mistake or fraud on the part of the said Bell National Bank and its officers and directors, referred to in his original answer, set-off and counterclaim, the condition that the said notes which were executed by this defendant to the said bank should not be paid except out

of the net profits from the operation of the store and coal mine of the said Harlan Star Coal Company, was omitted therefrom, and but for said mistake on the part of this defendant and the said mistake or fraud on the part of the said Bell National Bank and its said officers and directors, the said notes herein sued on would have contained a provision that they should not be paid except out of the net profits from the operation of the said store and coal mine, and this defendant further states that he would not have entered into the plan for reorganizing the said Blue Star Coal Company, referred to in his original answer, set-off and counterclaim, and he would not have subscribed to the stock in the said Harlan Star Coal Company except for the express agreement, contract and arrangement that all obligations on account thereof, and on account of the notes sued on herein, should not be paid except out of the net profits from the operation of the said store and coal mine by the said Harlan Star Coal Company after the said reorganization.

"The defendant further states that the agreements, plans and arrangements in regard to the reorganization of said Blue Star Coal Company, and the incorporation and operation of the said Harlan Star Coal Company, as alleged in the original answer, set-off and counterclaim, were negotiated and arranged with the full knowledge of the plaintiff and its officers and directors, and the plaintiff knew that the said notes sued on herein should not be paid except out of the net profits from the operations of the said Harlan Star Coal Company."

The plaintiff demurred to the answer as amended; the court overruled the demurrer. The plaintiffs stood upon it and refused to plead further. The circuit court thereupon dismissed the action, and the plaintiff appeals.

The answer clearly sets out the contract between the parties, and alleges that a part of the contract was omitted from the writing by mistake on his part and by mistake or fraud on the part of the bank and its officers, and that but for the mistake the notes would have contained the whole contract, and without this he

would not have executed the notes at all. In Stark v. Suttle, 181 Ky. 648, 205 S. W. 673, this court thus stated the rule:

"Equity will reform a written contract when, by reason of the mutual mistake of the parties, it does not express their true agreement. In pleading a cause in reformation, it is necessary to allege in clear and concise language the grounds of reformation, the agreement actually made, and the agreement which the parties intended to make. Where the ground of reformation is mutual mistake, it is not necessary to allege mutual mistake in terms; but a pleading is generally regarded as sufficient which alleges facts from which a mutual mistake may be readily inferred."

In Harriss v. Music, 197 Ky. 114, 245 S. W. 845, the plaintiff brought an action to recover on the warranty in a deed which described the property sold as lot 12. But the plaintiff averred that the property sold and intended to be conveyed was all the ground upon which the building stood, "and that by mutual mistake of the parties all the land intended to be conveyed was not properly described." It was held that the petition stated a cause of action, and the demurrer to it should be overruled. To the same effect, see, Kentucky, etc., Association v. Lawrence, 106 Ky. 88, 49 S. W. 1059, 20 Ky. Law Rep. 1700; Carr v. Burris, 148 Ky. 232, 146 S. W. 424; Boone v. Robinson, 151 Ky. 715, 152 S. W. 753, Ann. Cas. 1915A, 352; Evans v. Stapleton, 201 Ky. 716, 258 S. W. 295; Citizens' Nat. Bank v. Judy, 146 Ind. 322, 43 N. E. 259; Smelser v. Pugh, 29 Ind. App. 614, 64 N. E. 943, and cases cited.

Appellant relies upon Gray v. Gregory, 140 Ky. 267, 130 S. W. 1093; Cary v. Mire, 143 Ky. 63, 135 S. W. 403, and a number of other subsequent cases following them. In the first case the plaintiff sued for damages, alleging that the defendant had by fraud and deceit induced the plaintiff to sell land for less than it was worth, but she did not allege what the defendant had done or in what the fraud and deceit consisted, and it was held that the facts constituting wrong were not stated. In the second case the plaintiffs sued to open a judgment, alleging that it had been obtained by fraud, without alleging what the defendant had done or in what the fraud consisted, and the same rule was ap-

plied. There are a number of subsequent cases holding the same thing in substance. But that is not this case. Here the defendant sets out fully what the contract was and what was omitted from the writing, and alleges in substance that the omission of a part of the contract was by reason of the mistake of both the parties in the drawing of the writing. The purpose of all pleadings is to inform the opposite party of the cause of action or defense attempted to be set up, and the facts constituting it. Clearly here the pleading informed the plaintiff that the defendant's defense was that a part of the contract was omitted from the writing by mutual mistake, and that under the contract as really made the defendant was not liable.

As the plaintiff stood upon the demurrer and no issue was joined, the question is not now presented what would be the rights of the parties had all the facts been brought out.

Judgment affirmed.