JUDGE PRYOR
delivered the opinion oe the court.
The ordinance in this case provides for the improvement of an alley commencing at Wenzel Street, and running eastwardly to an alley running northwardly from Washington Street.
The contract made with the assignor of the appellee was ' in pursuance of this ordinance and for the improvement of this particular alley. The material inquiry in the case is, has this alley been improved so as to create a liability on the part of the owners of the property adjacent to pay for the work as provided by the city charter?
If the alley has been improved as specified and directed *242 by the ordinance and accepted by the council, although the work may have been defectively executed, the council being the sole judge as to the manner of its execution and the character of the work, the appellants for that reason would be precluded from making any such defense in resisting the collection of the assessments made on their property.
It is maintained, however, in this case that the alley has not been improved, or rather that the engineer and contractor, instead of complying with the ordinance and the contract made with the city in pursuance therewith, undertook to construct a different alley by changing the location of the one ordered to be improved for the convenience of some of the property-owners on whose lots the alley bordered.
It is not pretended that the alley was improved as ordered; but, on the other hand, it is conceded that the alteration was made, and a part of the alley located and constructed upon different ground.
This alteration was not made by reason of any ordinance or the consent of the council obtained for that purpose, but at the instance of' the engineer, the latter regarding the change as beneficial not only to the party owning the ground where the alteration was made, but to all interested in the improvement; the proof conducing to show also that no one was injured thereby.
About one fourth of this alley has been constructed on different ground; and, in the language of the witness, “the ■original alley extended about forty feet east of Wenzel Street before it made the turn, and the present alley extends about •one hundred and six feet east of Wenzel Street before it makes the turn.”
No dedication could have been made of the ground for a •change in this alley prior to the passage of the ordinance, for the reason that Roberts, at whose instance and for whose benefit the change was made, was not until November 22,1871, *243 the owner of the property, nor did he sell to Pfau until July, 1872; the latter sale creating the necessity for the alteration in the location of the alley.
The legislature has prescribed the manner in which the city council may compel the citizen to contribute to the improvement of streets and alleys in which the latter may be interested, and from which, in the opinion of the council, he derives a benefit.
The power to make these contracts by the council as the agent of the property-holder, and with which the latter must comply, although no party to any of the proceedings, being derived solely from legislative enactment, this court, instead of enlarging such power’ by implication or construction, which when exercised within proper bounds must often prove onerous and oppressive to the citizen, will require a strict adherence to the letter and spirit of the law from which this right to tax the citizen is derived.
The General Council must first direct the improvement by ordinance, and the contract must be made in pursuance therewith, as authorized by the new city charter, under the provisions of the 12th section, so as to create a lien on the lots or parts of lots, etc.
So far the law seems to have been .complied with in this case; but the engineer and Roberts, exercising a discretionary power that they no doubt supposed would be ratified by the council, have undertaken to construct an alley instead of improving one, as provided by the ordinance, and it is now maintained that because it works no injury to the property-holder he must pay the costs.
If this view of the proposition is sustained, the action of the council could be dispensed with altogether, except in ratifying contracts made by the engineer for improvements that in the opinion of that body were beneficial to the citizen.
The question of injury or benefit can not avail in a case *244 like this, and all the court has to determine is, was a new alley constructed or the old one improved? The evidence on this point is conclusive that the contractor, instead of improving the old alley as his contract required, has constructed a new one.
In the case of Hydes & Goose v. Joyes (4 Bush, 466) the city council passed an ordinance giving “to the engineer the right to have such portions of sidewalks on particular streets improved as he might direct.” This court held that the city council alone had the power to determine the necessity for the improvement, and that the exercise of this right could not be delegated to the engineer. It results therefore that if the council had no right to delegate the exercise of this discretionary power to its engineer, the latter could exercise no such power in a case where it is not even pretended that the council ever attempted to confer it. To hold otherwise would be giving to the engineer the right at his discretion, and when in his opinion the interest of the city and the property-holder would be advanced thereby, to tax the latter and subject his property to its payment. Nor can the council ratify such action on the part of the engineer so as to create an obligation on the part of the citizen to pay, for the reason that the charter designates the mode in which this liability is created.
If the city council, by ratifying a contract made by the engineer or by agreeing to pay for an improvement not ordered to be made, can bind the property of the citizen or compel him to comply with the contract, it must originate from some legislative enactment, as no rule of the common law creates the liability, nor has our attention been called to any statute conferring upon the city council such absolute and uncontrolled discretionary power over the citizen and his property. , No ratification by reason of such a contract or the construction of such an improvement can create the lien as *245 provided in the city charter. It is clear that the old alley was not improved, but a new and different alley constructed.
The judgment is reversed, and cause remanded with directions to dismiss the petition as against all the appellants. There is no judgment for or against the city of Louisville, and therefore no disposition can be made of this branch of the case.