E. H. BOONE, TRUSTEE, ET AL., *v.* MICHAEL GLEASON, ET AL.

**Street Improvement Ordinance.**

The word "street" used in an ordinance signifies a public thorough- fare in a city or town, and the averment that an ordinance has been passed for the improvement of a named street is sufficient, without adding that it is a public street.

**Proof by Record.**

The passing of a street improvement ordinance, the making and approval of the contract, completion of the work, inspection by the engineer, the acceptance of the work and the making of the appor- tionment of the costs of the improvement are all to be proven by the record, and in the absence of an allegation of fraud or collusion the record is conclusive on all these points.

**Answer.**

In an answer to a petition to collect an improvement assessment the defendant must point out in what particular the assessment is unequal, illegal, erroneous or void, and not simply aver such facts as a conclusion.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 8, 1879.

OPINION BY JUDGE COFER:

The errors assigned will be disposed of in their order.

The word "street" signifies a public thoroughfare in a city or town, and the allegation that an ordinance had been passed for the improvement of a portion of Seventeenth street was sufficient, without adding that it was a public street.

It is doubtful whether there was a sufficient allegation that the ordinance had been published as required by the charter, but that defect, if it existed, was cured by a denial in the answer that such publication had been made; and although the answer was not filed until after the demurrer was overruled, the technical error does not prejudice the substantial rights of the appellants, as they themselves afterward cured the defect.

The court, in its opinion, indicated that the exception to McGonazales' deposition was not well taken, and for the reasons thus given we concur in that conclusion; but the court did not, by any order in the record, overrule the exception, and as we can only revise the orders and judgments rendered by the court, and cannot revise its opinions not carried into a judgment or order, we could not reverse the judgment on the ground even if we were of the opinion that the deposition should have been excluded.

The court made no order overruling appellant's exceptions to exhibit "A," and for the reasons just given we need not discuss the question whether it was admissible in evidence, and more especially so as the judgment must be reversed upon another ground, which will leave the question open in this case to be governed by the principles announced in *Barret v. Godshaw,* 12 Bush 592.

Several questions are made in argument which fall under the fourth assignment. The evidence sufficiently shows that the ground where the improvement was made was a street. It is laid down upon a plat found upon the records in the clerk's office of the county court, which is sufficiently identified as a copy of Rowan's enlargement, and is, no doubt, the map referred to by him in the deeds filed with McGonazales' deposition. This was a sufficient dedication, and the ordinance and contract to improve it, if made, were a sufficient acceptance by the city.

The passing of the ordinance, the making and approval of the contract, completion of the work according to the contract and its inspection by the engineer, the acceptance of the work and the making of the apportionment, are all to be proved by the record, and in the

absence of an allegation of fraud or collusion, the record is conclusive on all these points. *Murray v. Tucker,* 10 Bush 240, and many other cases.

There is nothing in the charter which, in our opinion, requires the general council to provide in the same ordinance for all the work necessary to complete the improvement of a street, and no reason exists in the nature of the subject which can authorize this court to say that the council may not exercise its judgment as to whether all should be done at once or not.

The appellants do not point out in their answer any special objection to the apportionment. Their language is that the apportionment is "unequal, illegal, erroneous and void." When an apportionment is illegal the defendants should by answer point out in what particular it is so, that the court and not the pleader may decide whether it is illegal. ' This is not only a familiar elementary rule of pleading, but has been expressly applied by this court to this particular question. *Dulaney v. Bowman,* 8 Ky. Opin. 592.

But there was no attempt to prove that the ordinance had been published as required by the charter, and as we have heretofore decided, such publication must be made before an ordinance can be enforced.

If the appellant can indicate in what respect the apportionment is unequal they should be allowed to amend their answer so as to have the correction made, and each party should be allowed reasonable time to make further proof.

Judgment *reversed* and cause remanded for further proper proceedings.

*J. R. Boone, W. P. D. Bush, for appellants.*

*S. B. Richardson, for appellees.*