## Lovelace, et al. v. Little, et al..

### (Decided February 23, 1912.)

## Appeal from Fulton Circuit Court.

1. Street Construction—Acceptance of Work by Board of Council—In the absence of fraud or collusion, the action of a board of council in accepting work of street construction will not be interfered with. The passage of an ordinance accepting that work is conclusive upon the parties.

2. Same.—The record failing to show the personnel of the present board of council, and they not having been made parties, the trial court was not at liberty to enjoin the members of the new board from accepting work under contracts made with it.

W. J. WEBB, ED. THOMAS and E. N. SMITH for appellants.

J. D. MOCQUOT and H. T. SMITH for appellees.

OPINION OF THE COURT BY JUDGE WINN—Reversing.

In 1909 the city of Fulton, a fourth class city, after duly adopting an ordinance, let to Charles W. Little, the appellee, the original construction, at the cost of the adjacent property holders, of certain of its streets. The streets were to be built of macadam. There were three separate contracts, known respectively as the West Fulton, East Fulton and Lake street contracts. In November of that year the city council met and upon report of the city engineer accepted the West Fulton work as completed under Little's contract. Within the thirty days provided by Section 3574 of the statutes the appellant, Lovelace, and some seventy other. property holders whose property was subject to assessment for the payment of the street construction under the contracts, brought this proceeding in the Fulton Circuit Court against Little, the contractor, the city of Fulton, the individual members of the Board of Council of Fulton, the Clerk of the Board of Council, and the City Treasurer of Fulton. The petition set up that the contractor did not comply with his contract in the construc-

tion of the streets, nor with the specifications, in sundry details that were set out; that he did not use the quantity or quality of material called for in the contract; that the Mayor and Board of Council knew, at the time of his construction, that he was not complying with the contract and specifications, but permitted him to proceed and accepted his work in West Fulton with full knowledge of these facts; and that Little and the Board of Council acted in fraudulent collusion in having the work accepted. Further, it alleged that the East Fulton and Lake Street work had been done in the same manner and that the contractor was guilty of the same faulty construction under those contracts as in West Fulton; and that the Board of Council, at a meeting which was to be held on December 13th, intended to and would accept the two last named contracts as complete. The prayer of the petition was that the City of Fulton, its Mayor, Secretary and Treasurer be enjoined and restrained from paying any funds on hand to Little; that all the defendants be enjoined and restrained from issuing or selling any bonds for the payment of said improvement work; that they be restrained and enjoined from accepting any of the work in East Fulton or on Lake Street; that it be adjudged that the City of Fulton should pay no part of the apportionments for said work; and that it should be enjoined from ever doing so. Issue was joined and a voluminous lot of proof taken as to the method of construction, the quantity of material used, the kind used and the like. The trial court dismissed the petition and plaintiffs appeal here.

It is established by a long line of causes written by this court that, in the absence of fraud or collusion, the action of a Board of Council in accepting work of this nature will not be interferred with. Campbell vs. Southern Bithulithic Co., 106 S. W., 1189; Baldrick v. Gast, 79 S. W., 212; Barker v. Tennessee Paving Co., 71 S. W., 877; Eversole v. Walsh, 76 S. W., 358, and many other cases. These cases are conclusive in so far as the work under the West Fulton contract is concerned; and the passage of the ordinance accepting that work is conclusive upon the parties. It is true that the plaintiffs allege fraud in the acceptance of the work, but the proof does not go far enough to establish fraud; though the proof discloses that there were shortages in the amount

of macadam demanded by the contract and specifications, and an overcharge for excavation.

As to the remainder of the work, the East Fulton and Lake street portions, the record is in an anomalous condition. Its effort was to enjoin the individual members of the Board of Council, who were the rightful defendants, under the doctrine of Montgomery County v. Menefee County Court, 93 Ky., 33, from accepting the work in East Fulton and on Lake street. The term of office of the Council then in office expired on January 1, 1910, and the record does not advise us as to the personnel of the present board; nor are the members of the present board, by any amendment, made parties defendant. The trial court, therefore, was not at liberty to enjoin the members of the new board from accepting the work under the two last named contracts. The city of Fulton, however, is made a party, and Little, the contractor, is made a party; and it would doubtless be argued that an affirmance of this case would be res adjudicata upon the nature, character and completion of the work not yet accepted. Since we have jurisdiction in this case over Little, the contractor, it seems clear to us that we have the right to pass upon the record as to him, insofar as the unaccepted work is concerned.

Little, in his testimony, admits that he actually spread upon the streets, under the three contracts 892 cubic yards of macadam less than was called for by his contracts; but the record does not disclose where this shortage occurred—whether in West Fulton, East Fulton or on Lake street. At the rate at which he was to receive pay for the entire amount of macadam this shortage would amount to, in round figures, $1,450. We hold that he is not entitled to pay for such portion of this sum as the sum of the macadam to be placed upon Lake street and in East Fulton bears to the sum of the macadam to be placed under all three contracts.

The city engineer's figures show that the total of excavation done by Little was 25,741 cubic yards. Upon the other hand, Wilkes, a civil engineer who went over the work in April, 1910, testifies that the total amount of excavation was 12,622 cubic yards. The contract price for excavation was 33.74 cents per cubic yard. At this rate the difference in the excavation reported by the city engineer and that reported by Wilkes would amount to $4,400 in round figures. Wilkes' calculations and observations were not made until after the work was done;

and a number of civil engineers testified that it would be impossible for an engineer to go over the work, after the excavation had been done, and make any exact or accurate calculation of the amount of the excavation. Upon the other hand, we are impressed with the idea that Wilkes did his work with care; while, according to the undisputed testimony, the city's engineer was intoxicated about all the time the work was in progress. Now Wilkes' testimony reported a shortage of the quantity of stone used of some $2,000 in amount; while Little admits a shortage of $1,400, about two-thirds of what the calculation of Wilkes showed. If we adopt the same ratio upon the shortage of excavation, it would result that Wilkes' figures of $4,400 shortage should be reduced some $1,466, leaving a net shortage of some $2,-934 upon this branch of the work. Again, we are not enlightened by the record as to how much of this shortage is chargeable to West Fulton, nor how much to the other two contracts. We hold that it would be equitable, therefore, to decrease Little's allowance and to refuse to allow him such portion of the $2,934 as the total excavation reported for East Fulton and Lake street bears to the total excavation reported under the three jobs.

The City Council can, in accepting East Fulton and Lake street, consider, if it so desires, such other defects as it may believe existed in the construction of the streets, and such other failures, if any, as the Council may believe existed on the part of Little, the contractor, as to work on those two contracts. In other words, it is to be understood that in finding upon the subject of the amount of macadam and the amount of excavation for which Little should not be paid, we do not mean to say that this is conclusive of any other matters involved in such controversy as may arise between Little and the present Board of Council. That body has the entire right to pass upon all other questions which may be proper within the range of the general powers delegated to the council in this respect.

As between the citizens whose property abuts upon the West Fulton streets on the one hand, and those whose property abuts upon the streets of East Fulton and Lake street upon the other hand, the results achieved by this consideration work a hardship upon the former; but this is because the Council had accepted their streets, and the courts, in the absence of fraud, are concluded by that

acceptance. The court is deeply sensible that the results achieved here are not, and in the nature of things, can not be accurate; but after a careful consideration of this unusual record, we have reached the conclusion that the results stated are about the best that can be done toward attaining justice, under the law and facts as presented by the record.

For the reasons indicated the judgment is reversed as to Little and the city of Fulton, and affirmed as to the other defendants, for proceedings consistent herewith.