## Creekmore, et al, v. Central Construction Company.

(Decided February 10, 1914.)

### Appeal from Fayette. Circuit Court.

1.   Annexation—Streets—Ways of City.—A tract of land near a city being laid out in lots, with streets and alleys marked on a plot which is recorded, and lots sold, such streets and alleys become ways of the city when the territory is annexed to the city.
2.   Streets—Construction—Acceptance of Work by Council.—The acceptance of the work by the city council is conclusive that the the street was properly constructed in the absence of fraud in the action of the council.
3.   Pleading—Answer Pleading Fraud Should Set Out Facts.—An answer pleading fraud on the part of the council, should set out the facts, and not plead fraud in general terms.
4.   Streets—Construction—Recovery By Contractor—Mistake by Engineer.—The contractor having constructed the street according to his contract and the stakes set by the city engineer, may recover although the city engineer made a mistake in locating the street, the council having accepted the work and there being no fraud or collusion in their action.
5.   Municipal Corporations—May Speak Only by Record—Parol Contract Not Binding.—A city can only speak by its records and a parol contract made by some of its officers is not binding on the city, the council having taken no action authorizing it.

6. Municipal Corporations—Objection to Passage of Ordinance.— The objection that an ordinance was not properly passed cannot be made for the first time in the Court of Appeals.

W. C. G. HOBBS and THOMPSON & THOMPSON for appellants,

STOLL & BUSH and FORMAN & FORMAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

The general council of the city of Lexington by ordinance duly passed, directed the improvement of Columbia avenue from Rose street to Woodland avenue by the construction thereon of a concrete curbing and guttering and by the construction of the carriage way with macadam. The proposed work having been duly advertised, the Central Construction Company undertook the work of macadamizing the street; F. T. Justice & Company undertook the concrete curbing and guttering, their bids having been accepted by the council and contracts regularly made with them. Alleging that they performed the work as required by their contracts, and that certain of the property owners declined to pay, they brought these suits to enforce a lien on the property. The court adjudged them the relief sought. The property owners appeal.

1. It is insisted for the property owners that Columbia avenue was not a street of the city and that the general council was without authority to order its improvement. The facts are that Columbia avenue was a part of a tract of land conveyed more than twenty years ago to the Columbia Heights Land Company which caused it to be laid off as a subdivison of the city of Lexington cutting up the land into city lots, laying off streets across it, and selling the lots. The territory was afterwards taken into the city, the plots of the subdivision having been duly recorded. We have held in a number of cases that under such circumstances ways thus laid off become streets of the city when the land is taken into the city. (City of Covington v. Hall, 98 S. W., 317; City of Louisville v. Mutual Life Insurance Co., 147 Ky., 141, and cases cited, Acts 1910, p. 307, 308.)

2. The defendants pleaded in their answers that the work was not done in accordance with the contract and was in several respects defective. But the council had regularly accepted the work, and their action is conclu-

sive upon the property owner in the absence of fraud or collusion. (Nevin v. Roche, 86 Ky., 494; Lovelace v. Little, 147 Ky., 137, and cases cited.)

3.    The defendants alleged that the work had been accepted by the council by fraud and collusion with the contractors. But the proof taken utterly fails to establish the allegation or to show that the council did anything that it ought not to have done.

The court did not err in sustaining a demurrer to some of the answers which simply averred that the council had accepted the work by fraud. The council is the tribunal established by law to determine whether or not the work shall be accepted and its judgment on the subject is like the judgment of any other tribunal by whom a question involving discretion is to be determined. When its action is assailed for fraud the facts constituting the fraud should be set out.

Section 3100, Kentucky Statutes, as amended by the act of 1910 (See Acts 1910, page 315), provides:

"Upon receipt of the engineer's estimate and the report of the Board of Public Works, as provided in the preceding section, the general council shall carefully consider and investigate, by its committee or otherwise, any protests which may have been filed against the acceptance of the work or the confirmation of the engineer's estimate of the cost thereof, and shall hear, or cause to be heard by its appropriate committee, and reported to it in substance, any competent and proper evidence which may be offered thereon prior to the acceptance of the work and confirmation of the estimate, and the general council may then accept the work and confirm the engineer's estimate of the cost thereof, or, if it be of opinion that the work has not been done in accordance with the contract, or that the engineer's estimate of the cost is incorrect it may require the contractor to perfect or complete the work in accordance with the contract, or it may modify the estimate of the cost of the work to conform to the facts, or both. The determination of the general council shall be conclusive and binding on all parties, and shall not be questioned or contested in any court, except on the ground of fraud or collusion on the part of the general council."

In Newman on Pleadings, section 426f, it is said:

"In like manner where the plaintiff, under the provisions of the Code of 1854, had in general terms averred

that he had duly performed all the conditions precedent on his part, it was not sufficient for the defendant in his answer, in general terms, to deny the performance of the conditions precedent, but he was required to state the particular facts relied on by him to show that the plaintiff had not kept the covenant or agreement on his part. So likewise in an answer contesting the validity of a judgment or other determination of a court, or officer of special jurisdiction, because of want of jurisdiction in such tribunal or officer, the defendant ought, it would seem, to set out the facts showing the want of jurisdiction, and it will not be sufficient to deny the jurisdiction in general terms. If the defendant should plead and rely upon such a judgment, it will by the provisions of the Code be sufficient for him to plead in general terms that the judgment was duly given or made; but in responding to such an allegation the spirit and general provisions of the Code seem to require the adverse party to state the specific facts relied on in defense.''

Section 122 of the Code provides:

''In pleading a judgment or determination of a court or officer, it is not necessary to state the facts conferring jurisdiction; but it shall be sufficient to state that the judgment or determination was duly given or made.''

While under this provision of the Code, the rule is that the plaintiff may aver that the decision was duly given, if the defendant was simply allowed to traverse the allegation, no intelligent issue of fact would be joined. So we held in Kuhling v. Reidenhorn, 99 S. W., 646, that a plea by the defendant charging that the judgment of a magistrate was obtained by fraud, was insufficient, and that the facts must be stated, so that an issue might be joined upon them. We have also applied this rule in the case of awards made by arbitrators; (Phillips v. Phillips, 81 Ky., 147) and we see no reason why it should not apply to a decision of a city council which is by law made the arbiter to determine whether work has been performed in accordance with the contract. As the answers disclose no facts showing fraud on the part of the council or the contractors, the court did not err in sustaining the demurrer to this part of them.

4. The defendants pleaded that the work had been constructed diagonally in the street; that is, that it was at one end six feet four inches farther from the property line on one side than it should have been and was

a few inches too far from the property line at the other end. But the work was constructed as required by the contract under the direction of the city engineer and according to the stakes set by him. There was no fault in the contractor; he was bound to construct the work as he did. If the contractor had not done his work according to the contract he would be without remedy. In the absence of fraud the acceptance of the work by the council is conclusive. (Lovelace, et al. v. Little, et al., 147 Ky., 137.)

5. The defendants pleaded that they entered into a contract with the city of Lexington through the Joint Improvement Committee of the general council, whereby they were to select one civil engineer and the city of Lexington to select one, the two engineers to locate the line of Columbia avenue, and if they could not agree they were to select a third civil engineer, and when the decision was rendered by these engineers fixing the line of the street, each party should be bound thereby, namely, if they determined that the street was built upon the proper line, the defendants would pay for it, and if it was not built upon the proper line then the city was to have the street constructed upon the proper line before they would be required to pay anything therefor; that the two engineers agreed upon determined that the street was not constructed upon the proper line, and so found. The court properly sustained a demurrer to this paragraph of the answer as it did not show any authority in the improvement committee to make such an agreement. The defendants then filed an amended answer in which they alleged that prior to the time the work was accepted by the city of Lexington, the city of Lexington, the plaintiffs, the Central Construction Company, and the defendants met upon the street, and inspected it and on that occasion there was a contract made between the city of Lexington, the Central Construction Company and the defendants whereby it was agreed that two civil engineers were to be selected to locate the street, and if the street was located on the proper line, the defendants were to waive their protests, make no further objections to the acceptance of the street and pay for the construction of it without further delay. But that if it was determined that the street was not located on a line parallel with the property line, the defendants were not to be required to pay for the construction of the street and the payment

thereof was agreed to be waived by the city of Lexington and the plaintiffs until they should reconstruct the street upon the proper line parallel with the property line on the street; that in accordance with this agreement two engineers were appointed who located the street and determined that the improvement was made diagonal with the property line and not parallel with it. The court properly sustained a demurrer to the answer as amended; for the fiscal affairs of the city are controlled by the general council. The arrangement set up in the pleadings not being alleged to be in writing, must be presumed to be verbal. (Newman on Pleadings, Sec. 306.) The general council can only speak by its records, and no other body can speak for the city in matters of this sort. (City of Newport v. Schoolfield, 142 Ky., 287.)

6. It is insisted that the ordinances accepting the work were passed by both branches of the council on the same night and copies of the ordinances were filed in the brief showing these facts; but this objection was not made in the circuit court by any pleading and cannot be made for the first time in this court. The ordinances, the copy of which are filed with the brief, are not contained in the record and there is nothing in the record either in the way of pleading or proof to sustain this objection.

Judgment affirmed.