## Town of Russell, Kentucky v. Whitt.

(Decided November 20, 1914.)

### Appeal from Greenup Circuit Court.

1. Streets—Construction—Apportionment of Cost of—When Owner of Abutting Property Not Entitled to Relief Against.—A property owner cannot successfully resist the enforcement of a lien against his property for its proportionate part of the cost of constructing an abutting street, on the ground that the work of construction did not conform to the contract under which it was let by the municipality, where it is made to appear that the work as completed was regularly accepted by the latter's board of trustees; as their judgment is conclusive in the absence of a showing that they were guilty of fraud or collusion. Especially is this true

when the property holder, with knowledge of the work, fails to make complaint of same before its acceptance by the board of trustees.

2.  Streets—Complaint of Fraud or Collusion in Apportionment of Cost of Street—When Not Available.—A general allegation in the petition of the property owner that the municipal board of trustees, in apportioning to his property its part of the cost of constructing an abutting street, were guilty of fraud or collusion, is a mere conclusion of the pleader. In such case the petition must specify the nature and substance of the acts constituting the fraud or collusion complained of. And, in the absence of such specification, the presumption that the duties of public officials are legally performed will in such case prevail.

3.  Streets—Construction of Street by Town of Sixth Class—Abutting Owners—When Not Relieved of Cost of Construction.—Where a street has been constructed by a town of the sixth class and the requirements of its charter substantially followed in having the work done, the contractor paid for his work and discharged, and bonds issued by the town and sold to pay the cost of the improvement, one whose abutting property is benefited by the improvement cannot resist the enforcement of a lien thereon for its proportion of the cost of the improvement, upon the ground that the non-resident contractor who did the work of constructing the street failed to file with the Secretary of State a paper designating some person or persons resident in this State, as his 'agent or agents, upon whom process might be served in an action or proceeding on the bond given by him for the performance of the work, as required by section 3720-d, Kentucky Statutes. The lien of the town is created by section 3706, Kentucky Statutes, and the ordinances of the town under which the work of construction was done, and is not affected by any act or omission of the contractor. Section 3720-d would be applicable to an action brought on the contractor's bond, but has no application in an action between the town and property owner, where the former is seeking the enforcement of the lien and the latter its cancellation; the contractor not being a necessary party or a party in fact, to the action.

SIMEON S. WILLIS and RICHARD D. DAVIS for appellant.

D. E. ERNST for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This action was brought against the appellant, Town of Russell, in the Greenup Circuit Court by the appellee, W. G. Whitt, seeking the cancellation of a lien against certain real estate in that town owned by him, which lien was claimed by the town for the original construction of a street, known as Etna Street, abutting the property, the amount thereof being $163.63. It was

in substance alleged in the petition that the Town of Russell did not legally acquire a lien upon the property of appellee for the improvement mentioned for the reasons that the work was not done in accordance with the contract and stipulations in the ordinance directing it, and was, in several respects, defective; that the apportionment and assessment of the cost thereof against appellee's property by the board of trustees of the town was had and arrived at by fraud and collusion on their part; and that the contractor by whom the street was constructed, being a non-resident and having executed bond to the town of Russell for the performance of the work according to the contract under which he obtained it, failed, as required by Section 3720d, Kentucky Statutes, to file with the Secretary of State a paper designating some person or persons, resident in this State, as his agent or agents upon whom process might be served, which failure, it was further alleged, rendered his contract with the town void and unenforceable; and that this being true of the contract, no lien was created upon appellee's property in favor of the town for the improvement in question.

The appellant, Town of Russell, filed a demurrer to the petition, which the court overruled, to which ruling appellant excepted. Appellant then filed its answer, which traversed the allegations of the petition, set forth the several ordinances with respect to the construction of Etna street, the letting of the contract therefor, the performance and acceptance of the work and the apportionment and assessment of the cost thereof to the various persons, including the appellee, whose property abutted the street; and alleged that appellee, though a resident of the Town of Russell and in full possession of all the facts connected with the improvement of the street abutting his property, also the contract under which the work was performed and its acceptance by appellant, made no complaint of the improvement or of the town's acceptance of the work when completed, and without complaint permitted it to issue bonds to cover the cost of the work, as provided by its charter, which bonds were sold to innocent purchasers for value and the proceeds applied to the payment of the cost of the improvement. Such failure of complaint on the part of appellee was pleaded and relied on as an estoppel against the cause of action set up in his petition. The answer by proper averment also set up the lien claimed

by the city against the property of appellee and asked its enforcement, to that end making the answer a counterclaim.

A demurrer was interposed to the answer and counterclaim by the appellee and overruled by the court. The latter then filed a reply controverting the affirmative matter of the answer and counterclaim. On the hearing the court adjudged a cancellation of the lien claimed by appellant against the property of the appellee, dismissed the former's counterclaim and gave appellee a judgment against it for his costs. From that judgment this appeal is prosecuted. The taking of proof was obviated by an agreement of record between the parties as to the following facts:

"That the Town of Russell was at all times a municipal corporation, being a town of the sixth class until by act of the Legislature of 1912, it became and now is a town of the fifth class.

"That on April 3rd, 1911, the Town of Russell passed an ordinance providing for the improvement by original construction, by paving with vitrified brick, and curbing and guttering Boyd, Etna and Houston streets, and that the said ordinance was duly passed and published.

"That on April 17th, 1911, a petition was presented to the Board of Trustees signed by the plaintiff and other property-holders on Boyd, Etna and Houston streets protesting against the provisions of the ordinance of April 3rd, 1911, providing for the improvement by paving with vitrified brick.

"That the so-called contract between the Town of Russell and J. F. Scherer was entered into on June 30th, 1911, for the improvement of the streets in controversy.

"That the contractor, J. F. Scherer, who did all the work in question on said streets, was at the time and still is a non-resident of the State of Kentucky and resides in Ironton, Ohio, and is a citizen of the United States and of the State of Ohio.

"That J. F. Scherer, contractor, has never filed any papers with the Secretary of State of the Commonwealth of Kentucky, designating the process agents required by Section 3720d, Kentucky Statutes.

"That Harry Mountain, a resident of Ironton, Ohio, was in charge of the work and improvements and was there in Russell during the work. That the bonds for the improvements were issued as in such case made and provided by Statutes and accepted at par by the con-

tractor, J. F. Scherer, in payment for same, and were sold in the market, and some are outstanding in the hands of purchasers and some have been paid by the Town of Russell.

"That the width of the paving (brick) on Etna street is 17 feet 2 inches and the paved roadway is 20 feet, including curb and gutter. The curb and gutter is combined. All other facts admitted in the pleadings. Plaintiff knew said work was being done by the contractor, J. F. Scherer, under said ordinance and lived in Russell, Ky., at all times from April 3rd, 1911, to date."

The complaint made in the petition that the construction of the street abutting appellee's property failed, in the particulars therein alleged, to conform to the contract, may be eliminated from the case, because the work as completed was admittedly accepted by appellant's board of trustees; and their judgment is conclusive in the absence of a showing that they were guilty of fraud or mistake. This rule is stated in the case of Creekmore v. Central Construction Co., 157 Ky., 336, as follows:

"The defendants pleaded in their answers that the work (street construction) was not done in accordance with the contract and was in several respects defective. But the Council had regularly accepted the work and their action is conclusive upon the property owner in the absence of fraud and collusion." Henderson v. Lambert. 77 Ky., 25; Reuter v. Meecham Contracting Co., 143 Ky., 557; Newport v. Silva, 143 Ky., 704.

The complaint of fraud and collusion made in the petition may also be eliminated from the case. The general allegation in the petition that appellant's board of trustees, in assessing against appellee's property its proportion of the cost of the improvement, were guilty of fraud or mistake, is a mere conclusion of the pleader. The petition omits any specification of the acts or conduct constituting the alleged fraud or collusion and there is no proof whatever on the subject. The rule in this jurisdiction is, that the petition in such case must specify the nature and substance of the fraudulent acts or the acts of collusion, and this is especially true, when the acts complained of are those of public officials, who are always presumed to act lawfully in the performance of their duties to the public. Gray v. Gregory, 140 Ky., 266; Cary v. Mire, 143 Ky., 63. It is also the rule in this jurisdiction that in order to entitle a property-holder to relief from a mistake made in the apportionment of the

cost of an improvement, he must not only allege the facts showing the mistake, but in addition such facts as would show that, under a different and correct method of apportionment, he would be required to pay less than under the method adopted by the municipal authorities. Barber Asphalt Co. v. Garr, 115 Ky., 334; Baldrick, Etc. v. Gast, 25 R., 1977; Barker v. Tennessee Paving Co., 24 R., 1524; Schuster v. Barber Asphalt Paving Co., 24 R., 2346. Moreover, under yet another rule declared by this court, any mistake in the apportionment would not invalidate the entire lien, but would simply be a case for the court to correct the assessment. Jackson v. McHargue, 139 Ky., 739.

It is evident from the admitted facts appearing in the record that the appellant has taken every step required by Section 3706 of its charter to create the lien asserted against the appellee's property for its proportion of the cost of constructing the street, and the only question remaining to be determined is whether, after this has all been done, the contractor paid following a sale to innocent purchasers of the bonds issued to pay for the improvement, which imposed upon appellant the legal duty to collect the assessment for their redemption, appellee shall be allowed to defeat the lien which the charter of the town gives it, upon the property benefited by the improvement, upon the ground that the contractor, who did the work, failed to comply with the provisions of Section 3720d, Kentucky Statutes, relating to non-residents engaged in business in this State. Section 3720d, Kentucky Statutes, provides:

"That an individual, residing in another State, or a partnership association or joint stock company, the members of which reside in another state or states, engaged in business in this State and required by any law of this State to execute bond or bonds for the performance of its contract made herein, shall, before the making of such contract or contracts, file in the office of the Secretary of State a statement subscribed by such individual partnership, or an officer of such association or joint stock company, giving the name or names and residence of an agent residing in this State, upon whom process issued in an action or proceeding on said bond or bonds may be served, and when any change is made in its said agent, it shall at once file with said Secretary a statement of such change, and the former agent shall remain agent for the purpose of service until statement

of appointment of new agent is filed, and if any such individual partnership, association or company fails to comply with the provisions of this act, such individual partnership, association or company, and any agent or employe thereof who shall transact, carry on or conduct any business in this State for it before such statement is filed, he or it shall be severally guilty of a misdemeanor and fined not less than one hundred dollars nor more than one thousand dollars.''

It will be observed that by its terms the section, *supra,* is limited to non-resident individuals; and partnerships, associations and joint stock companies, composed of non-resident members ''engaged in business in this State and *required by any law of this State* to execute bond or bonds for the performance of its contract made herein.'' J. F. Scherer, who, because of his bid being the lowest made, obtained from appellant the contract to construct the street abutting appellee's property, is a non-resident; and he was required by appellant's board of trustees to give bond for the faithful performance of the work of construction, but it was not because of any law requiring him to do so. Section 3706, Kentucky Statutes, required the trustees to take a bond of the contractor undertaking such work. The requirement of the law as to the giving of the bond operates on the board of trustees and not on the contractor. Moreover, the designation of an agent required by Section 3720d to be made by the writing filed with the Secretary of State is for the service of process ''in actions on the bond,'' and not a designation of an agent for the service of process in all actions. Manifestly, under the law and by the terms of the bond, only the town could have brought an action on it; and had the agent for service of process been designated by the contractor, as provided by Section 3720d, appellee could not have brought an action on the bond, nor could he have served a summons upon such agent. Therefore it is not wide of the mark to say that the provisions of Section 3720d have no application in this case and were not intended for the benefit of one situated as is appellee; and if this is so, it is not perceived that he can avail himself of the failure of the contractor to comply with its provisions.

But if we are in error in this conclusion and it can be said that Section 3720d did apply to the contractor, and the failure to comply with its requirements invali-

dated his contract as between him and appellant, or would have done so had it been questioned in proper time; or that the contract could have been assailed by the abutting owners on that ground by prompt action, obviously, after the contract has been fully executed, the contractor paid for his work and discharged, and the property owner has received and accepted the benefits resulting from his performance of the contract, it is too late for the latter to complain of the contractor's non-compliance with the provisions of Section 3720d, for in no sense did the contractor's non-compliance therewith invalidate the ordinance ordering the improvement or the ordinance making the apportionment, or destroy the lien, for the designation of an agent by the contractor, as required by that section, is not one of the essential steps necessary to create a lien under Section 3706. The lien is created by that section and the ordinances of the town, and is not affected by any act or omission of the contractor.

If there was a wrongdoer it was the contractor, and he is not a party to this action, seeking any relief, nor will he be affected by the decision of this case, as his work has been performed and he has been compensated for it according to the terms of the contract under which he undertook it. Appellee sued the town of Russell alone, and if he has any cause of action it is against the town alone, but the lien of the latter is for the benefit of the innocent holders of the bonds that were issued and sold to pay for the construction of the street, and that lien is a creature of Section 3706, Kentucky Statutes, and the ordinances of the town passed in pursuance thereto. As the lien does not rest upon the contract under which the work of construction was performed, even if the contract were void as between the contractor and appellant because of the non-compliance of the former with the provisions of Section 3720d, that fact would not destroy the lien created by Section 3706 and the ordinances for the benefit of the bondholders, because compliance by the contractor with Section 3720d was not one of the essential steps necessary to create the lien.

In view of the fact that appellee stood idly by and permitted his property to be improved and made no complaint until the lien attached and appellant had become a trustee to whom the innocent holders of the bonds must look for the enforcement of the lien, it may well

be said that his laches estop him from obtaining the relief sought in this action.

To deny appellee relief hurts nobody, but to grant him relief will injure the innocent, without touching the alleged wrongdoer at all. The lien given by Section 3706 to the town is for the benefit of the bondholders, and though arising out of the improvement it is created by the ordinance compelling the improvement and the fact of the making of the improvement. If the original ordinance is valid, any irregularities in the subsequent proceedings will not invalidate the lien, as they may be corrected. In Richardson v. Mehler, 111 Ky., 421, we on this subject said:

"By such an ordinance there is created an obligation to pay for a service for which there is no common law liability. (Whitefield v. Hipple, 11 R., 386.) It could not be created except for the statute. It must be created in conformity thereto. The statute requires that the construction of streets shall be done by ordinance. It forbids that it shall be done except by ordinance. But if the ordinance be valid, wholly or in part, the subsequent proceedings may be corrected by the council, or by the courts, provided the work has been done as required by either the ordinance or contract."

In Hughes v. Wallace, 118 S. W., 324, we also held:

"A statute which enumerates particular things which shall be necessary to create a lien on real estate, excludes the idea of other things as essential to the completeness of the lien."

Here no duty of the town was overlooked or omitted, nor was there an omission by it of any step essential to the creation of the lien. The appellee, however, is demanding relief from payment for a benefit received and which he is yet enjoying, because the contractor, who is not even a party to his action, failed to designate an agent for the service of a summons that might be issued in an action on his bond, when no such action has been brought, could only be brought by the town and never will be necessary. It is patent that appellee's rights were as fully safeguarded by appellant's board of trustees as if the contractor who constructed the street had literally complied with the provisions of Section 3720d, Kentucky Statutes.

The cases cited as sustaining appellee's right of action are not authority in point; particularly is this so as to the case of Oliver Co. v. Lou. Realty Co., 156 Ky.,

628, the case most strongly relied on. In that case it was held that a foreign corporation cannot maintain an action to recover on a contract made in this State, unless it has complied with the provisions of Section 571, Kentucky Statutes. There is a material difference in the language of Section 571 and that of Section 3720d. The first was properly construed in Oliver Co. v. Lou. Realty Company to invalidate contracts made by a foreign corporation in violation of its provisions. A corporation, whether foreign or domestic, is a creature of the law and can only do business as required by law, whereas an individual is ordinarily entitled to do business without governmental permission; and though it be conceded that a non-resident individual must comply with Section 3720d, to do business in this State, that section does not by its terms, or obvious meaning, affect the rights of third parties arising out of contracts of such non-resident which have been fully executed, even though the latter had failed to comply with the requirements of the section, *supra*. In the Oliver Company case the wrongdoer was itself seeking relief on the contract which it had made in disregard of the law; such is not the case here, the parties to the action are not affected by the contract alleged to have been made in violation of the statute, and the lien involved is in no way dependent upon the validity of such contract.

It follows from what has been said that the circuit court erred in adjudging appellee entitled to the relief prayed. This conclusion, rested upon the grounds stated, makes it unnecessary for us to pass upon the objection urged by appellant to the constitutionality of Section 3720d, Kentucky Statutes.

The judgment is reversed and cause remanded with directions to the circuit court to sustain appellant's demurrer to appellee's petition and dismiss the action; but the court will, as asked in appellant's counter-claim, enter judgment enforcing its lien upon the appellee's lots for the cost of the improvement apportioned against them, by ordering a sale of the lots, or enough thereof for that purpose.