## Henderson v. Carey-Reed Company.

(Decided May 7, 1918.)

### Appeal from Fayette Circuit Court.

1. Municipal Corporations—Public Improvements—Action to Enforce Lien—Powers of Council.—In an action to enforce an improvement lien, the property owner, having admitted the acceptance by the city of the improvement and having made no attempt to prove his charge of fraud and collusion in avoidance of such acceptance, is precluded from questioning whether or not the work was done according to contract, the city, in the absence of fraud or collusion, being the sole judge of that fact.

2. Municipal Corporations—Contract for Public Improvements—Description of Improvement.—A contract awarded by a city for paving the "roadway" of an alley, definitely excluded from its operation a strip of ground on west side of alley having thereon a concrete platform used as part of a railway passenger station and by the public generally under express authority of the city.

3. Municipal Corporations—Public Improvements—Actions to Enforce Lien—Defenses.—The failure of the contractor to pave a part of the alley not included in the contract for the improvement presents no defense to an action to enforce the improvement lien.

RIVES & SHANNON for appellant.

RICHARD C. STOLL and W. H. TOWNSEND for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The judgment appealed from awarded to appellee, Carey-Reed Company, a lien upon the abutting property of W. H. Henderson for its proportionate part of the cost of the improvement of Ayers Alley in the city of Lexington. Although admitting the contract was regularly let to appellee by the city and that the work was, after its completion, accepted by the city, the only ground for reversal urged upon us by appellant, who was defendant below, is that plaintiff failed to pave, in accordance with its contract, a strip of ground thirteen feet wide along the entire west side of the alley.

Having admitted the acceptance by the municipality of the street improvement and not having proven, or even attempted to prove, the fraud or collusion pleaded in his answer in avoidance of the acceptance by the city, it is clear that under a long line of decisions of this court appellant is concluded upon the question of whether or

not the work was done according to contract. In the recent case of Denton v. Carey-Reed Co., 169 Ky. 54, where a like contention was made, we said:

"Counsel for appellants do not cite any authority sustaining this contention, and it has been held in so many cases by this court that in the absence of fraud or collusion the city is the sole judge of whether or not a street has been constructed according to specifications, that we do not deem it necessary now to discuss that proposition, but shall content ourselves with the citation of the following Kentucky authorities; Kentucky Statutes, sec. 3100; Lambert v. Thornberry, 153 Ky. 523; Allen v. Woods, 45 S. W. 106; Murray v. Tucker, 10 Bush 240; Mudge v. Walker, 28 Ky. Law Rep. 996; Bladrick v. Gast, 79 S. W. 212; and Eversole v. Walsh, 76 S. W. 358."

See also City of Maysville v. Davis, 166 Ky. 555; Joyes v. Shadburn, 11 Ky. L. R. 892; Creekmore v. Central Construction Co., 157 Ky. 336; Nevin v. Roach, 86 Ky. 494; Lovelace v. Lyttle, 147 Ky. 137.

However, counsel for appellant insist that, since he pleaded in one paragraph of his answer that appellee failed to pave a part of the alley and appellee traversed this allegation, admitted to be true in the agreed statement of facts, the fact is established that appellee did not comply with his contract and appellant was, therefore, entitled to judgment. This contention, as is clearly apparent, entirely ignores the admitted acceptance by the city and, therefore, in the absence of fraud or collusion is not tenable. But even if the acceptance could be ignored, which is impossible in face of the authorities cited above, the claimed non-liability of appellant would still depend upon an unwarranted construction of the contract, which provides for the paving only of the "roadway" of the alley and not the entire alley. The thirteen foot strip of ground on the west side of the alley that was not paved was covered by a concrete platform constructed by the Union Passenger Station Company and used by it and the public generally under express authority from the city; and it was clearly not a part of the roadway of the alley even though we might assume, as appellant would have us hold, the city ought not to have permitted such use of a part of a public alley. Unquestionably the city had the right to contract for the improvement of a part of the alley, City of Maysville v.

Davis, *supra,* and this it did when it contracted for the paving of the "roadway" rather than the whole of the alley, and such a contract as definitely excluded the platform as if the whole alley had been specified and the platform specifically excluded. The contract was, therefore, not violative of the rule thus stated in 28 Cyc. 1000: "But if certain portions of a street are to be excluded from the improvement, they must be definite."

The whole argument of counsel for appellant is based upon the false assumption that his allegation that a part of the alley was not paved presented a defense, whereas this proposition was only one of three propositions pleaded in that paragraph of his answer, the other two being that the platform was included in the contract and the work was fraudulently accepted, all of which were necessary to constitute a defense.

Wherefore, the judgment is affirmed.