## City of Earlington et al. v. Powell.

(Decided November 20, 1928.)

### Appeal from Hopkins Circuit Court.

1. Municipal Corporations.—Ky. Stats., sec. 3574, empowering council to require contractor to complete work in accordance with contract or modify estimate of cost, and providing that determination of council shall be conclusive, and not contested in court, except for fraud or collusion, does not empower council to reject work of substantial value for mere defects not amounting to total failure to perform contract, but, contemplates that council may require specific defects to be remedied, and insufficiencies supplied, or modify cost to conform to facts, or both modify cost and require repairs.

2. Constitutional Law.—Under Constitution, sec. 2, providing that arbitrary power over lives, liberty, and property shall not exist, construction of statute empowering council to require contractor to perfect public work or modify cost, leading to arbitrary exercise of power, should be avoided, if possible.

3. Muncipal Corporations.—Ky. Stats., sec. 3574, empowering council to require contractor to perfect public work or modify estimate of cost, and providing that council's determination shall be conclusive and not contested, except for fraud or collusion, contemplates correction of defects and modification of costs as matter within council's discretion, and requires council to proceed as prescribed by statute and not arbitrarily reject entire estimate.

4. Municipal Corporations.—Under Ky. Stats., sec. 3574, empowering council to require contractor to perfect public work, or modify estimate of cost, or both, council must act with due regard to rights of contractor, as well as of abutting owners.

5. Municipal Corporations.—In action to require city council to accept work in constructing curb and gutters and apportion cost against abutting owners, court of equity is not circumscribed by rules applicable to writs of mandamus, but may frame decree to meet requirements of case.

6.  Equity.—Equity procedure is elastic enough to accomplish ends
    and aims of justice, and equity shapes its decrees accordingly.
7.  Equity.—A decree in equity may be so molded that relative duties
    of all parties affected may be secured and enforced.
8.  Municipal Corporations.—In action to compel city to accept curb
    and gutter work and apportion cost against abutting owners, and
    to compel council to modify engineer's estimate of cost to con-
    form to fair valuation, decree directing council to correct esti-
    mate of engineer to conform to court's conclusion, and to make
    assessment against abutting lots, was calculated to do justice and
    prevent arbitrary exercise of power, under Ky. Stats., sec. 3574,
    over substantial property rights, and was with powers of court of
    equity.
9.  Municipal Coporations.—In action to compel city to accept curb
    and gutter work, modify engineer's estimate of cost to conform
    to fair valuation, and apportion costs against abutting owners,
    decree directing correction of estimate of cost and making assess-
    ment was not objectionable, as permitting recovery against city
    on quantum meruit, where contract was validly executed and sub
    stantially performed, and question did not involve imposition of
    liability, but performance by city of peremptory duty to enable
    contractor to be fairly compensated for work.
10. Municipal Corporations.—In action to compel city to accept curb
    and gutter work, modify engineer's estimate of cost to conform
    to fair valuation, and apportion cost against abutting owners, evi-
    dence held to show that work done constituted practical per-
    formance of contractor's obligation, entitling contractor to relief
    in equity and imposing on city duty of proceeding, under Ky.
    Stats., sec. 3574, to provide fund for payment of work.

GORDON, GORDON & MOORE for appellants.

RAYBURN & WITHERS and J. F. GORDON for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Earlington, a city of the fourth class, enacted appro-
priate legislation for the improvement of its streets. The
contract for the construction of concrete curbs and gut-
ters was awarded to the Hopkins County Construction
Company. It constructed concrete curbs and gutters
upon all the streets covered by the contract except
an immaterial portion, where it was prevented from
doing any work by the delay of the city in building a re-
taining wall. The city engineer made an estimate of the
total cost of the improvement, complying substantially
with the requirements of section 3573, Kentucky Stat-
utes, which was submitted to the board of council. The

street committee inserted a notice in a newspaper to the effect that at a time and place fixed in the notice it would inspect and receive the work, which notice also stated the cost per abutting foot of property, as shown by the engineer's estimate. Ky. Stats., sec. 3573.

At the time and place indicated the street committee met, and protests in writing were presented by numerous persons owning lots abutting upon the improvement. No evidence was heard upon the protests, but a report was made to the council to the effect that the committee had rejected the work, because it was of the opinion that the concrete curbs and gutters had not been constructed in accordance with the ordinance, plans, specifications, and contract. The cost of the work, however, as estimated and apportioned by the city engineer was approved. The written protests were returned with the report to the council. The board of council heard no evidence, but immediately accepted and filed the report and discharged the committee. A week later, however, the council proceeded to consider the protests, and declined to accept the work or to approve the engineer's estimate, for the reason, as recited in the order, that—

"It deemed and was of the opinion that the work had not been done in accordance with the contract, and the plans and specifications for same, nor in a workmanlike manner, and that the acceptance of the said curbs and gutters so constructed under said contract be and is hereby rejected and refused, and the contractor, the Hopkins County Construction Company, be and it is hereby required to perfect and complete the work in accordance with the contract and in a reasonable time after the passage of this ordinance, which reasonable time is now provided and fixed to be 10 days, but for good reason shown the said time may be extended within the discretion of the city council."

The same order recited further that the council "heard all competent proof offered;" but it appears from the evidence that no proof was really introduced, or, if so, it was not preserved. The order likewise stated that the contractor was in bankruptcy and the surety in his bond was to be furnished with a copy of the proceedings, and, if the work was not constructed within a reasonable time, the city itself would procure proper con-

struction of the curbs and gutters as provided in the contract, and sue the surety for the penal sum specified in the bond. This was in April, 1924, and no suit was ever filed or steps taken to reconstruct the concrete curbs and gutters.

The present action was filed in September, 1924, by the contractor's trustee in bankruptcy against the city of Earlington, its mayor, and board of council, to compel acceptance of the work and apportionment of the cost against the abutting owners. In May, 1926, an amended petition was filed, seeking equitable relief to do justice between the parties, by compelling the council to modify the engineer's estimate of the cost to conform to a fair and just valuation of the improvement, and to assess and apportion the cost accordingly. Proof was taken on the issues made by the various pleadings, and the court below found that the value of the work done by the contractor was $12,551.04, and, subject to certain uncontested credits, directed the board of council to correct the estimate of the engineer to conform to the court's conclusion and to make accordingly an assessment against the abutting lots. The city has prosecuted this appeal, insisting:

(1) That the action of the city council in rejecting the work was discretionary and beyond the control of a court of equity, since fraud was not shown;

(2) That no recovery was allowable on a quantum meruit for work done under a street improvement contract, or on any theory of equitable apportionment; and

(3) That there was no substantial compliance with the contract by the contractor, which deprived him of any right to seek relief in equity.

1. The statute provides:

"Upon receipt of the engineer's estimate and the report of the street committee, as provided in the preceding section, the board of council shall carefully consider and investigate any protests which may have been filed against the acceptance of the work or the confirmation of the engineer's estimate of the cost thereof, and shall hear any competent and proper evidence which may be offered thereon prior to the acceptance of the work and confirmation of the estimate, and the board of council may then accept the work and confirm the the engineer's estimate of the cost thereof, or, *if it be of opinion that the work*

*had not been done in accordance with the contract, or
that the engineer's estimate of the cost is incorrect,
it may require the contractor to perject or complete
the work in accordance with the contract, or it may
modify the estimate of the cost of the work to con-
form to the facts, or both.* The determination of the
board of council shall be conclusive and binding on
all parties and shall not be questioned or contested
in any court, except on the ground of fraud or col-
lusion on the part of the council.'' Section 3574, Ky.
Stats.

It is argued that the statute confers upon the council
the exclusive function of deciding when an improvement
contract has been performed or breached, and that the
discretion thus vested is beyond the control of the courts,
in the absence of fraud or collusion, as is true in the
present case. We have often held that the acceptance of
the work by the city council is final, unless fraud or collu-
sion is found. Lovelace v. Little, 147 Ky. 137, 143 S. W.
1031; Town of Russell v. Whitt, 161 Ky. 187, 170 S. W.
609; Creekmore v. Central Con. Co., 157 Ky. 336, 163 S.
W. 194; Henderson v. Carey-Reed Co., 180 Ky. 450, 202
S. W. 882; City of Maysville v. Davis, 166 Ky. 566, 179
S. W. 463.

But the statute does not empower the council to re-
ject work of substantial value for mere defects or insuffi-
ciencies not amounting to a total failure to perform the
contract. It plainly contemplates that the council may
require specific defects to be remedied, and insufficiencies
supplied, or it may modify the cost to conform to the
facts, or it may do both, if the exigencies demand it. If
the statute should be construed to authorize one party to
a construction contract to reject the work entirely and
make its action conclusive, it would place arbitrary power
in the hands of that party. A construction leading to
such consequences should, if reasonably possible, be
avoided, since the Constitution declares that:

"Absolute and arbitrary power over the lives,
liberty and property of freemen exists nowhere in a
republic, not even in the largest majority." Sec-
tion 2.

The language of the statute does not compel such
construction. Its purpose and provisions plainly require
the interpretation that the council may compel the con-

tractor to correct the defects, or it may reduce the cost of the work to conform to its fair value, as measured by the contract. It may also cause the contractor to correct the defects in part, and modify the estimate of cost as to other parts, if its discretion should so dictate. It is such action by the council that is contemplated by the provision in the statute that:

"The determination of the board of council shall be conclusive and binding on all parties and shall not be questioned or contested in any court, except on the ground of fraud or collusion on the part of the council."

When such a case is presented to the council, it is under a plain duty to proceed in the manner pointed out, and may not arbitrarily reject the entire estimate. It must act with due regard to the rights of the contractor, as well as those of the abutting owners.

It was stated arguendo in the opinion of this court in Creekmore v. Central Construction Co., 157 Ky. 336, 163 S. W. 194, that, "if the contractor had not done his work according to the contract, he would be without remedy;" but the point now presented was not there involved, and the expression must be understood in the sense it was employed. Likewise, in the opinion in Bailey Construction Co. v. Cornett, 198 Ky. 143, 248 S. W. 235, the court inadvertently used the word "reject" in enumerating the powers conferred on the council by section 3574 of the statutes, but the word does not appear in the statute, and the terms actually appearing necessarily exclude the power to reject where the work done substantially conforms to the contract.

This court, in Lovelace v. Little, 147 Ky. 137, 143 S. W. 1031, as to certain streets which had not been accepted by the council or constructed in strict accordance with the contract, did precisely what the lower court directed to be done in this case.

Complaint is made that the remedy sought and awarded was in the nature of a mandamus, and, therefore, not available because of infringement on the discretion vested by law in the board of council. Commonwealth ex rel., Hawkins v. McCrone, 153 Ky. 296, 155 S. W. 369. In some jurisdictions the legal remedy of mandamus is employed to compel municipal boards to perform plain duties respecting special assessments. 38 C. J. p.

785; 18 R. C. L. sec. 212, p. 285. But a court of equity is not circumscribed by the rules applicable to writs of mandamus. It may frame its decrees to meet the requirements of the particular case, and may adapt and adjust the relief granted in such manner as will afford protection to the rights of all parties. In doing so the court is not restrained by any fast or technical rules inhering in particular modes of relief. Equity procedure is elastic enough to accomplish the ends and aims of justice, and it shapes its decrees accordingly. 21 C. J. sec. 845, p. 660.

A decree in equity may be so molded that the relative duties of all parties affected may be secured and enforced. Bishop, Equity, sec. 7, "The obligation to do justice," said Mr. Justice Field in Marsh v. Fulton County, 10 Wall. 684, 19 L. Ed. 1040, "rests upon all persons, natural and artificial," and a court of equity may exert its peculiar powers to enforce that obligation. Cf. Floyd County v. Owego Bridge Co., 143 Ky. 693, 137 S. W. 237.

The decree in this case was calculated to do justice and to prevent the arbitrary exercise of statutory power over substantial property rights. This was within the power of the court, and the circumstances justified the judgment.

2. It is insisted that the effect of the decree in this case was to allow a recovery against a city on a quantum meruit, apart from any express contract, which is forbidden by our decisions. Murphy v. Louisville, 9 Bush, 189; Henderson v. Lambert, 14 Bush, 24; Worrell Mfg. Co. v. City of Ashland, 159 Ky. 656, 167 S. W. 922, 52 L. R. A. (N. S.) 880; Hays v. Burns, 216 Ky. 827, 288 S. W. 764.

The argument proceeds upon a misapprehension of the nature, effect, and extent of the decree. No implied liability, as upon a quantum meruit, is sought to be imposed upon the municipal corporation. The contract in this case was expressly made upon authority conferred by law. The prescribed steps were taken, a valid contract was executed, and it was substantially performed. Foeller v. Heintz, 137 Wis. 169, 118 N. W. 543, 24 L. R. A. (N. S.) 327. The question here arises upon the construction of the statute as applied alone to the acceptance of the work and the apportionment of the cost thereof among the abutting owners. The performance of the contract proceeded under the supervision of the city. The issue is not whether liability shall be imposed by implica-

tion, but whether the city shall perform its peremptory duty in order that the contractor may be fairly compensated for his labor and materials as contemplated by the contract. There appears to be no obstacle in the way of a court of equity enforcing the plain mandate of the statute respecting the reception of the work and the apportionment of the cost.

3. It is argued that the contractor's failure to comply with the contract was so flagrant and glaring that he did not come within the protection of the rule applicable when substantial performance of the undertaking is admitted. The argument fails to give proper effect to the facts introduced in evidence. The curbs and gutters were constructed by the contractor, and the material and labor put into the work, as well as the completed structure, were of considerable value. The engineers chosen for the purpose valued the work, after it had been used for several years, at a sum exceeding $12,000. The city and its citizens reaped the benefit of the improvement, consisting of 18,668 lineal feet of curb and gutter. It appears that much of the work was up to the contractual standard, and some of the deficiencies in portions of it were probably due to causes for which the contractor was not responsible. The work done amounted, at the contract price, to $22,045.60. The facts presented a situation which authorized the council to modify the engineer's estimate, but the finished work was of such magnitude and value that it could not be wholly rejected. In the light of these potent considerations, access of the contractor to a court of equity may not be denied. It is clear that the work done under the contract constituted such a practical performance of its obligations as to impose upon the city the duty of proceeding under the statute to provide a fund for the payment of the contractor according to the statute and conforming to the standard contemplated by the contract. 9 C. J. sec. 157, p. 820. We are satisfied, from the valuation by the two experts and other evidence in the record, that the payment provided for the contractor by the decree was the irreducible minimum to which he was justly entitled.

The judgment is affirmed.